## Corley *et al. versus* Pentz.

1. The plaintiff made a contract with defendant to take timber from plaintiff's land; defendant entered to cut the timber; plaintiff remaining in possession and alleging that the contract was fraudulent, &c., brought ejectment. *Held,* that the plaintiff being in possession, he could not maintain ejectment.

2. The return of the sheriff to the writ in ejectment is only primâ facie evidence of defendant's possession and if his evidence rebuts it, he is entitled to a verdict.

March 26th 1874.　Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.　WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Clearfield county :* No. 92, to January Term 1874.

This was an ejectment brought November 29th 1870, by Andrew Pentz against William Corley, William C. Smith and others, for ninety acres of land in Brady township, " being that part in timber and not yet cleared of the tract of one hundred and thirty-nine acres, where the said Andrew Pentz lives," &c.

The case was tried November 19th 1872, before Mayer, P. J.

The plaintiff's title was admitted; he then gave the writ in evidence and rested.

The defendants gave in evidence an article of agreement, dated November 27th 1865, between plaintiff and William C. Smith, one of defendants, by which the plaintiff leased to Smith ten acres of ground in Brady township, &c., on which " Smith intends to erect a steam saw-mill; said lease is to run for the full term of twenty years." Plaintiff further agreed to put in all timber suitable for merchantable lumber " now being or growing on his lands in Brady township, the whole containing about ninety acres, which timber is to be put into said steam-mill;" Smith to pay $100 for the lease of the ten acres, and to deliver to plaintiff at the mill one-half the lumber manufactured from logs delivered by plaintiff there; plaintiff to permit Smith to take from " his said lands" timber for the erection of the mill, stables, &c., free of charge. There were other stipulations in the agreement not necessary to notice. By an agreement dated October 8th 1869, Smith and others leased to Corley certain pieces of land; also the timber-right under the foregoing agreement with the plaintiff.

The defendants gave evidence of the tender of $100 to the plaintiff, as the amount to be paid for the lease of the ten acres; they also gave evidence that they had been prevented by plaintiff from entering on the land mentioned in plaintiff's agreement to erect a mill, and afterwards bought a lot of land adjoining plaintiff's, on which they erected their saw-mill. Corley entered upon the ninety acres and commenced cutting timber, which was sawed at defendants' mill, and he requested plaintiff to go and divide the boards.

[*Corley v.* Pentz.]

The plaintiff in rebuttal gave evidence that the agreement for the lease of the ten acres was in consideration of $100 *per annum ;* that its contents were misrepresented by Smith, and other circumstances, for the purpose of showing that his execution of it was procured by fraud, &c. He gave evidence also of entry by defendants on his land, of their cutting timber, &c.

He testified that at the time the action was brought he was in possession of the land, and had lived on it for twenty-six years.

There was much evidence given on both sides, of the circumstances of making the contract and of its execution; also of carrying it out by the defendants.

Defendants made a number of offers of evidence which were rejected by the court and bills of exception sealed. They also submitted a number of points. The sixth was :—

"As the plaintiff, at the time he brought suit, was in possession of the premises described in the writ, the verdict of the jury must be for the defendants."

To this point the court answered :—

"The evidence of William Corley shows that he entered upon the land of the plaintiff for the purpose of cutting the timber to stock the mill, and did cut a portion of the timber prior to the institution of this suit. This, we are of the opinion, would be sufficient to authorize the bringing of an action of ejectment, and we therefore answer this point in the negative."

The verdict was for the plaintiff.

The defendants removed the record to the Supreme Court, and assigned a number of errors; the fifth was the answer to defendants' sixth point.

*G. R. Barrett,* for plaintiffs in error.—A plaintiff cannot maintain ejectment for land of which he is in possession : Act of March 21st 1806, sect. 12, 4 Smith's L. 332, 1 Br. Purd. 531, pl. 1; Parish *v.* Stevens, 3 S. & R. 299; Waln *v.* Shearman, 8 Id. 361; Cooper *v.* Smith, 9 S. & R. 26; Gratz *v.* Benner, 13 Id. 111; Dietrick *v.* Mateer, 10 Id. 152; Kribbs *v.* Downing, 1 Casey 399; Rynd *v.* Rynd Farm Oil Co., 13 P. F. Smith 403; Narehood *v.* Wilhelm, 19 Id. 64.

*J. B. McEnally,* for defendant in error.—There need not be a total ouster; the intruder may claim the timber and not the soil : Cooper *v.* Smith, 9 S. & R. 26. The answer of the court to the sixth point is sustained by Rynd *v.* Rynd Farm Oil Co., 13 P. F. Smith 403; Narehood *v.* Wilhelm, 19 Id. 64; Lane *v.* Harold, 16 Id. 320; Cooper *v.* Smith, *supra.*

Mr. Justice SHARSWOOD delivered the opinion of the court, May 11th 1874.

[Corley v. Pentz.]

It is quite unnecessary to consider the several assignments of error in this case, as there is one point entirely decisive in this cause. The plaintiff below had clearly mistaken his remedy; admitting his whole case, his proper action was trespass *quare clausum fregit*, and not ejectment. His own testimony was that he was in possession of the land the day this action was brought—had lived on it twenty-six years. There was nothing in the evidence which cast any doubt upon this fact. The defendant was entitled to an affirmative answer to his sixth point, that as the plaintiff, at the time he brought suit, was in possession of the premises described in the writ, the verdict of the jury must be for the defendant. The decided cases following the form of the writ of ejectment provided by the Act of March 21st 1806, 4 Sm. Laws 332, that the said defendant "now hath in his actual possession" the tract of land, &c., are uniform and without exception. The return of the sheriff is primâ facie, and only primâ facie evidence of the possession of the defendant, and if the evidence rebuts it, he is entitled to a verdict in his favor: Cooper v. Smith, 9 S. & R. 26; Dietrick v. Mateer, 10 Id. 151; Gratz v. Benner, 13 Id. 110; Kribbs v. Downing, 1 Casey 399; Rynd v. Rynd Farm Oil Co., 13 P. F. Smith 397; Narehood v. Wilhelm, 19 Id. 64.

Judgment reversed.