## S. D. YOST v. JOHN L. BROWN.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE
COUNTY.

Argued April 17, 1889—Decided April 29, 1889.

(a) In an ejectment by the sheriff's vendee against the defendant in the
judgment upon which the sheriff's sale was made, the plaintiff proved
his judgment, the process of sale, the sheriff's deed duly acknowledged,
with the return to the writ of ejectment, and rested.

(b) The defendant, without objection, put in evidence a deed, duly ac-
knowledged and recorded, executed by himself to a third person before
the date of the entry of the judgment against him upon which the sher-
iff's sale was made, and rested.

1. In such case, as the only evidence of the defendant's possession of the
land at the time of the sheriff's sale was the presumption arising from
the service of the writ two months thereafter, and as by § 5, act of March
28, 1715, 1 Sm. L. 95, possession of land is presumed to have accompanied
a deed duly acknowledged and recorded therefor, the presumption in
favor of the defendant was the stronger, and the plaintiff was not entitled
to recover.

Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM
and MITCHELL, JJ.

No. 37 January Term 1889, Sup. Ct.; court below, No. 46
January Term 1886, C. P.

On November 25, 1885, S. D. Yost brought an action of
ejectment against John L. Brown, for a tract of land in Sugar-
loaf township. The defendant pleaded, not guilty.

At the trial on May 16, 1888, the plaintiff put in evidence
the record of a judgment recovered by himself against John
L. Brown on October 7, 1884, for $174.40 and costs; that upon
this judgment a fieri facias was issued, the real estate in contro-
versy levied upon and condemned, and subsequently sold upon
a writ of venditioni exponas to S. D. Yost, the plaintiff, for
$300, the sheriff's deed therefor being acknowledged on Octo-
ber 8, 1885. The plaintiff then rested.

The defendant put in evidence, without objection, a deed
dated April 7, 1882, made by himself and wife to one John

Wyllis for a tract of land admitted to be the land in dispute, in consideration of $1,500. This deed was acknowledged on April 7, 1882, and was duly recorded on May 6, 1885. The defendant then rested.

The court, WOODWARD, J., for the reason that some two years before the judgment was entered against John L. Brown upon which the plaintiff claimed title, the same person, John L. Brown, had sold and conveyed to John Wyllis all his right, title and interest to the premises in dispute; and, furthermore, for the reason that there was no evidence that John L. Brown was in possession of the premises in question at the time of the sheriff's sale under which the plaintiff claimed title, instructed the jury to return a verdict in favor of the defendant.

The jury returned a verdict in favor of the defendant as directed. Thereupon the plaintiff filed a motion for a new trial, and on September 17, 1888, a rule therefor was discharged in the following opinion, WOODWARD, J.:

At the trial of this ejectment the plaintiff, having shown his writ and identified the premises, then put in evidence the judgment, the writ of fieri facias showing the levy and condemnation, the venditioni exponas with the sheriff's return of the sale to S. D. Yost, the plaintiff, in pursuance of the sale, dated October 8, 1885. The plaintiff was then called as a witness to show that the premises described in his deed were the same as those in the writ. And then the plaintiff rested his case. The defence then offered in evidence a deed from John L. Brown, the defendant, and wife, to John Wyllis, dated April 7, 1882, for the same land described in the ejectment. This deed was acknowledged on the day of its date before a justice of the peace, and was recorded on May 6, 1885. The defence then rested, and, no rebutting evidence having been offered by the plaintiff, the counsel for defendant and plaintiff, respectively, submitted points in writing asking for binding instructions to the jury, which were given in favor of the defendant. The plaintiff alleges that the court erred in giving these instructions, and hence the present motion.

The exact question now before us, therefore, is this: Was or was not the plaintiff bound to show that, at the time of the levy and sale by the sheriff, the defendant was in possession

of the land; or, was his case sufficiently established by proof of the judgment, execution, and sheriff's sale, followed by the sheriff's deed of October 8, 1885? The plaintiff's counsel have referred us to the following cases as decisive of this question, and as showing conclusively that we were wrong in our instructions to the jury: Young v. Algeo, 3 W. 223; Snavely v. Wagner, 3 Pa. 275; Wetherill v. Curry, 2 Phila. 98. We proceed, therefore, to examine these cases.

In Young v. Algeo, 3 W. 223, Mr. Justice KENNEDY says: "Although the rule seems to be general that the defendant in the execution and all those coming into possession under him are estopped by the judgment from disputing the plaintiff's right of possession (quoting Eisenhart v. Slaymaker, 14 S. & R. 153), yet, upon the ground of estoppel, it must be considered subject to some qualifications." And he illustrates his meaning by the case of a defendant in an execution, who had been a tenant of the premises in question at the time of the sheriff's sale, and who remained in possession afterwards, without proceedings against him by the purchaser at the sheriff's sale, until his lease had expired and a new one had been made. There would be no estoppel in such a case, for the reason that, an interest having passed to the purchaser at the sheriff's sale, the tenant had a right to show what that interest really was, and that it had expired by its own limitation, and that he is now in possession under a right acquired since, by a subsequent contract, which the purchaser at sheriff's sale cannot be presumed to have bought or paid for. In the same opinion Judge KENNEDY, in discussing another branch of the case, employs the following language: "The operation of law is clearly to put the purchaser in the shoes of the defendant in the execution at the time of the sale. Hence, if the defendant in the execution be in the possession of the property sold, the purchaser is entitled to take his place, and, whether the defendant has a right to it or not, he is estopped from saying afterwards that he had no right at the time of sale, and, therefore, none passed by it." The case of Snavely v. Wagner, 3 Pa. 275, turned on the point that the defendant in the execution held the possession, not in his own right, but in that of his wife; in other words, that he had only a life estate, which was not the subject of a sale by the sheriff. But in noticing the question

which we are now considering, Mr. Justice ROGERS stated the rule of the law as follows : " It is in general true that where a defendant in a judgment is in possession at the time of the levy and sale, he cannot make any defence against the purchaser at a sheriff's sale." In Wetherill v. Curry, 2 Phila. 98, the facts were that Curry, the defendant in the original judgment, was in possession of the land at the time of the levy and sale by the sheriff, and that Hannah Raymond had been admitted as landlord to defend, upon the allegation that Curry was her tenant. Judge SHARSWOOD states the law as follows : " When the sheriff sells the land of a defendant in a judgment who is in possession, he cannot make any defence against the purchaser, as the latter acquires a right to the defendant's possession at least, which will support ejectment against him." And for this he quotes as authority Snavely v. Wagner, 3 Pa. 275, already referred to in this opinion. And Mr. Brightly, in his digest, after quoting all the Pennsylvania cases up to that time on the subject, states the rule of the law to be this : " If the debtor were in possession at the time of sale, the purchaser is entitled to recover the possession as against him and those claiming under him : " See Brightly's Digest, 1115. The case of Dunlap v. Cook, 18 Pa. 454, is not applicable to the case before us, for the reason that the defence was not the lack of possession at the time of levy, but that the defendant, as whose property the premises were sold, proposed to set up title under a lease taken by him from a third person after the judgment was obtained and execution levied upon the land in dispute. Nor are we able to agree with the learned counsel for the plaintiff as to the effect, in the present case, of those adjudications wherein it is held, as in Green v. Watrous, 17 S. &. R. 398, that, " as between the purchaser and the defendants in the action, the purchaser can recover on the strength of the sale and sheriff's deed, without showing other title, nor can the defendant show title in another." For first, it was not shown, as matter of fact, by the evidence in that case, that the defendant was in possession at the time of levy and sale, and secondly, in the present case, the " title in another " was shown by the defendant, without objection on the part of the plaintiff, at the time of the trial.

We do not consider it necessary to say anything more on this branch of the case. It would seem, under the authorities,

to be entirely clear that the failure of the plaintiff to prove the defendant in possession of the premises at the time of the sheriff's levy and sale, compelled the court to hold that a title prima facie had not been shown. And when the defendant was allowed, without objection, to prove an actual conveyance of the land by the defendant to a third party, more than three years before the sale by the sheriff, the duty of the court to grant a request for a compulsory nonsuit, or to give to the jury binding instructions in favor of the defendant, seemed to us to be plain and imperative; for the doctrine of the law is, that, in the absence of proof to the contrary, the legal title to land draws to it the possession of the land as a presumption, for the possession and the right of possession are presumed to be in him who owns the fee.

The motion for a new trial is denied.

Judgment having been entered in favor of the defendant, the plaintiff took this writ, assigning the instruction of the court to find for the defendant as error.

*Mr. William S. McLean* (with him *Mr. H. B. Payne*), for the plaintiff in error:

Counsel cited: Tyler on Ejectment, 177, 530; 2 Greenl. Ev., § 316; Drake v. Brown, 68 Pa. 226; Snavely v. Wagner, 3 Pa. 275; Ferris v. Irons, 83 Pa. 181; Eisenhart v. Slaymaker, 14 S. & R. 157; Little v. Delancey, 5 Binn. 270; act June 16, 1836, § 106, P. L. 780; Duncan v. Sherman, 121 Pa. 328; Young v. Algeo, 3 W. 227; Street v. Sprout, 5 W. 273; Wetherill v. Curry, 2 Phila. 98; Johnson v. Fullerton, 44 Pa. 466.

*Mr. Q. A. Gates* (with him *Mr. H. W. Palmer*), for the defendant in error:

Other than the cases cited on behalf of the plaintiff, counsel cited: § 114, act of June 16, 1836, P. L. 780; act of May 28, 1715, 1 Sm. L. 95.

PER CURIAM:

We find no error in the charge of the court. It is doubtless true that if the defendant had been in possession at the time of the sheriff's sale, he would be obliged to yield that possession

to the sheriff's vendee. There was, however, no evidence of such possession except what appears by the record, and that furnishes presumptions merely. The return to the writ of ejectment shows the defendant was in possession at the time of the service of said writ, which was about two months after the sheriff's sale. On the other hand, the defendant appears to have sold and conveyed the property to John Wyllis, some two years before the judgment in question was entered against him. The possession must be presumed to have accompanied the deed. The act of May 28, 1715, 1 Sm. L. 95, provides that " All deeds and conveyances made or to be made, and proved or acknowledged, and recorded as aforesaid, . . . . . shall be of the same force and effect here, for the giving possession and seisin, and making good the title and assurance of the said lands, tenements and hereditaments, as deeds of feoffment, with livery and seisin, or deeds enrolled in any of the king's courts of record at Westminster, are or shall be in the kingdom of Great Britain." As before observed, we have nothing but presumptions in regard to the possession at the time of the sheriff's sale, and the stronger presumption is with the defendant.

Judgment affirmed.