S. Davis Page, Appellant, v. William A. Simpson.

*Ejectment—Parties — Notice of pendency of suit — Summons—Act of April 18, 1853.*

Under the act of April 18, 1853, P. L. 467, where a defendant in an ejectment has not been served, evidence that the nonappearing defendant had actual notice of the pendency of the suit is inadmissible unless the record shows a service of the writ on such defendant's agent or employee in actual charge or superintendence of the land described in the writ.

*Ejectment—Abstract of title—Evidence—Purpose of offering abstract.*

In ejectment where the abstract of title of both plaintiff and defendant shows the same person as the common source of title, and the plaintiff offers in evidence defendant's abstract for the sole purpose of showing that defendant recognized the title of such person, and claimed under it, the defendant's abstract is before the jury for the specific purpose of the offer, and for no other purpose.

In such a case where the defendant is called by the plaintiff and testifies that he claimed title from the person mentioned as the common source of title in both abstracts, it is improper to permit the defendant to introduce his defense upon his own cross-examination.

The fact that the defendant's abstract of title was admitted in evidence in the plaintiff's case in chief for the specific purpose mentioned, did not relieve the defendant of the burden of showing how he derived his title from the common source, and that the sale under which he claimed was prior in time to that under which the plaintiff claimed.

*Ejectment—Possession—Sheriff's sale.*

In an action of ejectment where both plaintiff and defendant claim title under sheriff's sales upon judgments against the same person, and plaintiff alleges that the judgment under which defendant claims, although prior in time to the one under which he himself claims, is fraudulent and void, it is not necessary for the plaintiff to show possession in the defendant in the execution at the date of the sheriff's sale under which he himself claims.

If the first sale was fraudulent then the purchaser under the second acquired the title of the defendant in the execution, and, as to both him and the purchaser at the first and fraudulent sale, is entitled to recover: Yost v. Brown, 126 Pa. 92, distinguished.

Argued Oct. 9, 1895. Appeal, No. 141, Oct. T., 1895, by plaintiff, from judgment of C. P. Jefferson Co., May T., 1891, No. 180, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Ejectment for four thousand four hundred and thirty-seven acres of land in Jefferson county.

Before MAYER, P. J., of the 25th judicial district, specially presiding.

The names of the parties as they appeared upon the record, were S. Davis Page v. Chandler P. Wainwright, Willis L. Bryant and W. A. Simpson. The return of the sheriff showed personal service upon William A. Simpson and nihil habet as to Wainwright and Bryant.

The plaintiff claimed upon a sheriff's deed for the land in controversy, dated February 12, 1891.

The defendant, William A. Simpson, defended upon a sheriff's deed dated December 12, 1889. The judgment under which the sale to the plaintiff was made was entered September 20, 1890.

At the trial, and before the jury were sworn, plaintiff offered to show that Wainwright and Bryant were nonresidents of the county of Jefferson at the time the writ of ejectment was in the possession of the sheriff, and for that reason it was impossible to obtain service upon them; that subsequently both written and verbal notices of the pendency of said action were given to said Wainwright and Bryant; that the written notice was the service of a subpœna on the 29th of April, 1892, to ap-

pear before Francis C. Gallagher, a notary public in the city
of Philadelphia, to have their depositions taken in the action
pending, and that they appeared and were examined as adverse
witnesses.　Counsel also offered to prove actual notice of the
pendency of the action by the evidence of Willis L. Bryant,
one of the defendants, taken April 29, 1892, before Francis C.
Gallagher, a notary public, in the city of Philadelphia, in the
action pending, in which he testified that he had knowledge
of the action and minutely described in his testimony the
lands embraced in the plaintiff's præcipe, and for which this
ejectment was brought.　This was offered agreeably to the act
of the 18th of April, 1853, P. L. 467.

The offer was objected to by defendant's counsel for the
reasons : First—That the service of a subpœna is not such a
notice as would require the defendant to appear in court, nor
to act as defendant therein ; that the notice is not such as is
contemplated by the act of assembly, nor have Wainwright
and Bryant ever appeared in pursuance thereof ; and the facts
as stated in the offer are not the full facts.　Mr. Bryant did
not describe the lands, but the description was put in the ques-
tion and he was asked, " Do you recognize these pieces ? " and
replied, " In a general way I would."　And for the further
reason that the rule to take depositions in the case referred to
in the offer was never served upon either Willis L. Bryant or
Chandler P. Wainwright, but was served only on the attorneys
of Wm. A. Simpson, as shown by the record.

Objection sustained by the court.　Exception taken by plain-
tiff and bill sealed. [1]

Plaintiff offered docket entry and record in case No. 91 of
December term, 1890, Spring Garden National Bank v. Chand-
ler P. Wainwright and Willis L. Bryant, trading as Wainwright
& Bryant ; an exemplification of the records of the court of
common pleas No. 3, Philadelphia, No. 631 of September term,
1889 ; debt, $17,838.25 ; interest from June 3, 1890 ; filed and
entered in Jefferson county, September 20, 1890.　Record con-
sidered in evidence.

Plaintiff offered fi. fa. on above judgment, No. 14, December
term, 1890, and the levy thereon, together with the sheriff's
return ; inquisition held on same and the property condemned.

Plaintiff offered vend. ex. No. 28, of February, 1891, (issued

on above judgment,) together with the levy and sheriff's return, dated January 31, 1891, and sale to S. Davis Page for the sum of $271.

Plaintiff offered deed from Joseph J. Young, sheriff, to S. Davis Page, dated 12th day of February, 1891, for the several pieces of land described in the writ; acknowledged in open court February 12, 1891; recorded in Jefferson county in sheriff's deed book 2, page 16.

Plaintiff offered writ of summons in ejectment dated the 17th of March, 1891, with the sheriff's return.

Plaintiff offered so much of the defendant's abstract of title as showed that he claimed title to these several pieces of land under Wainwright and Bryant, and offered to select so much of his specification or abstract of title as indicated and declared that he was in this court claiming title to the land in dispute by virtue of a sheriff's sale of the same property made to him prior in time to that made to plaintiff.

Defendant objected to plaintiff picking out and offering portions of the abstract.

Plaintiff offered the whole of defendant's abstract of title for the simple purpose of proving that the defendant is claiming under Wainwright and Bryant, and for no other purpose.

Defendant's counsel say that they have no objection to that so far as it is competent and relevant. Plaintiff rests.

Mr. Jenks, for defendant: As the plaintiff has shown title out of Wainwright and Bryant to Mr. W. A. Simpson by his own evidence, and has shown no title, subsequent to our sale, in Wainwright and Bryant, we ask the court to direct a verdict in our favor.

By the Court: Do you rest the case upon the part of the plaintiff, gentlemen? We will have to rule one way or the other.

Mr. Wm. A. Simpson, defendant, called by plaintiff for the purpose of cross-examination and duly sworn, testified.

Mr. Bucher: Q. Mr. Simpson, you are the defendant in this ejectment aren't you? A. I believe so, yes, sir. Q. You claim to own these lands for which we have brought the ejectment, do you not? A. I do. Q. And you claim them in the right of Wainwright and Bryant, do you not? A. My attorneys must answer that question. Q. I ask *you*, sir? A. I claim them by

virtue of a sheriff's sale. Q. As the property of Wainwright and Bryant? A. Sold as the property of Wainwright and Bryant.

Cross-examination by Mr. Jenks: Q. At what date did you buy them as the property of Wainwright and Bryant? A. I think in November 1889; I believe that is the time. You have the dates there.

By the Court: Do you rest the case now, gentlemen?

Mr. Bucher, for plaintiff: Yes, sir.

By the Court: Gentlemen of the jury, I must take the responsibility of this case. The parties have rested here. I do not think it sufficient for the plaintiff just merely to rest his case on this title, because having offered the defendant's abstract in evidence, while it is true it is offered for the purpose of showing a claim of title in Mr. W. A. Simpson, under Wainwright and Bryant, yet it shows the title was acquired prior to the title of S. Davis Page, and the defendant can rest on that title, and the plaintiff cannot recover unless there is something further shown. There is no question about that in my mind and, under the evidence, I shall have to instruct the jury to find for the defendant.

Mr. Bucher, for plaintiff: Would not your honor better enter a compulsory nonsuit?

Mr. Jenks, for defendant: We would rather have a verdict.

By the Court: We will take a verdict.

Before return of verdict plaintiff excepts to the charge and asks that the same be filed and made part of the record. Bill sealed. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were, (1) rulings on evidence, quoting the bill of exceptions; (2) in directing a verdict for defendant.

*H. Clay Campbell, Alexander C. White* and *J. C. Bucher* with him, for appellant.—The act of 1853 does not designate or prescribe any form of notice, or the character of the evidence to be produced of the notice required by the act. Unless some form is especially prescribed it is not necessary that the notice be given in any particular form, and mere informalities will not vitiate so long as the notice does not mislead and gives the necessary information: 16 Am. & Eng. Ency. of Law, 808.

The rule of the common law is, that unless directed otherwise by statute or rule of court, parol notice is good : Dawson's App., 15 Pa. 480 ; Hastlett v. Foster, 46 Pa. 471.

The plaintiff did not, by offering the defendant's abstract for the simple purpose of showing the source of title under which he claimed and made defense in this case, put in evidence the defendant's title.

The cases of Yost v. Brown, 126 Pa. 92, and Brown v. McCormick, 135 Pa. 434, when fairly considered, are not applicable to the facts in this case. In each of these cases a deed was offered in evidence by the defendant, and nothing to rebut the effect of the deed was offered by the plaintiff.

The offer was made to show the admission of the defendant that he claimed title under Wainwright and Bryant, the defendants in the judgment, and for the very purpose and to the extent that it was made evidence by the rule of court No. 128, it was not necessary to offer any testimony to prove any fact admitted : Lehman v. Howley, 95 Pa. 295 ; 2 Wharton, Law of Evidence, sec. 112 ; Neely v. Blair, 144 Pa. 250 ; Kaiser v. Fendrick & Young, 98 Pa. 528 ; Turner v. Reynolds, 23 Pa. 199 ; Clark v. Trindle, 52 Pa. 492.

*George A. Jenks, George W. Means* and *B. M. Clark* with him, for appellee.—Both the service of the summons and the notice are required. The service of the summons must precede the notice. The summons was returned "nihil habet" as to Wainwright and Bryant; therefore, if there had been any motion before the court for any action, even if the notice plaintiff proposed to prove had been sufficient as a notice, it would have been of no avail to bring the defendants into court or to subject them to any judgment thereof.

The plaintiff in ejectment must recover on the strength of his own title. The defendant, by the return of the writ served, is shown presumptively to be in possession. The burden of the proof is on the plaintiff to prove affirmatively his right to the possession. In this he failed.

In order to entitle himself to recover plaintiff was bound to prove affirmatively that the defendants in the execution were in possession of the land at the time of the levy and sale either actually or constructively : Yost v. Brown, 126 Pa. 93 ; Bart-

ley v. Phillips, 165 Pa. 326; Brown v. McCormick, 135 Pa.
434.

OPINION BY Mr. JUSTICE WILLIAMS, January 6, 1896:

The first assignment of error cannot be sustained. Three
defendants were named in the præcipe and summons. As to
two of them the return was " nihil habet." Personal service
was made upon the third who appeared and pleaded. When
the case was reached for trial on the issue so made the plaintiff
offered to prove that the other defendants had actual notice of
the pendency of the action in order to make the verdict to be
rendered binding upon them under the act of 1853. This offer
was properly refused. Before this proof could be made, it was
necessary that the non-appearing defendants should be brought
upon the record by a service on their agent or employee in
actual charge or superintendence of the land described in the
writ. The act of 1853 authorized judgment against one thus
brought upon the record by constructive service, if it was made
to appear that he had actual notice of the fact that the action
was pending. There was no constructive service in this case,
but a return that the defendants Wainwright and Bryant had
nothing by which such service could be made.

The second assignment raises an important question of prac-
tice. This case had been put at issue under a rule of the court
of common pleas of Jefferson county which requires that a
plaintiff in ejectment shall file an abstract or brief of his title.
When this is done it becomes the duty of the defendant to file
in like manner an abstract of the title upon which he defends
his possession. The plaintiff must then rejoin stating the an-
swer he expects to make at the trial to the title so set up by
the defendant. The real breadth of the controversy is thus
ascertained and the evidence is limited accordingly. In this
case the plaintiff's brief of title showed that he claimed through
Wainwright and Bryant by means of a sheriff's sale made in
1891 upon a judgment entered against them in favor of the
Spring Garden National Bank. The defendant then filed an
abstract of his title showing that he also claimed under Wain-
wright and Bryant by virtue of an earlier sheriff's sale made in
1890. This sale he averred divested the title of Wainwright
and Bryant so that no title passed to the plaintiff by virtue of

the subsequent sale made to him. The question presented by the abstracts at this time was over the priority of the respective sales; the defendant alleging that the sale under which he claimed was made in 1890, and left no claim in Wainwright and Bryant that could pass by the sale of 1891 to the plaintiff. The plaintiff's rejoinder admitted the priority of the sale to the defendant but alleged that the judgment by means of which it was affected was made to hinder, delay and defraud the creditors of Wainwright and Bryant, and was therefore absolutely void as against the creditors sought to be defrauded, of whom the Spring Garden National Bank was one. This brought the issue down to a single question of fact, viz, was the judgment and sale under which the defendant's title was acquired valid? If it was, then as it was first in time it passed the title of Wainwright and Bryant to him; but if it was fraudulent, as the plaintiff alleged, then the second sale passed the title and it was now held by the plaintiff.

At the trial the plaintiff properly began his evidence at what was shown by the abstracts to be the common source of title, viz, the title of Wainwright and Bryant. He put in evidence the judgment against them in favor of the Spring Garden National Bank, the sheriff's sale and deed to himself and the return of the sheriff to the summons in ejectment. This showed the title he had set out in his abstract, and gave him a right, prima facie, to recover upon showing title in the defendants in the judgment. This he could do by tracing the title from the commonwealth down to them or by showing that the defendant recognized their title and claimed under it. He adopted the latter and shorter method. He offered the defendant's abstract " for the simple purpose of proving that the defendant is claiming under Wainwright and Bryant and for no other purpose." The offer was admitted without objection for the purpose stated, and the fact was thus brought to the attention of the court and the jury that Wainwright and Bryant were the common source of title, and that the question on which the action depended was whether the plaintiff or defendant held their title. The defendant's abstract having been offered and admitted for a specific purpose, was before the jury for no other purpose. No particular instrument or averment contained in it became a part of the plaintiff's case, so as to relieve the defendant from making

out his own title.   What did become a part of the plaintiff's case because of the offer of the abstract was that the defendant's title began with the same parties from whom the plaintiff derived his title.   This amounted to an admission by the defendant that Wainwright and Bryant once held a good title to the land.   It did nothing more.   Its effect was the same as though the plaintiff had shown title out of the commonwealth and traced the same through the intermediate holders to Wainwright and Bryant.   The plaintiff should then have rested. For some reason however that is not apparent he undertook to duplicate this proof, and called the defendant and inquired of him if he did not claim title under Wainwright and Bryant. He replied that he did.   He was then cross-examined by his own counsel and stated in substance that the title claimed by him was under a sheriff's sale made in 1890.   The only subject upon which cross-examination was proper, was whether he did in fact claim under the title of Wainwright and Bryant. How he claimed, whether through a private or a judicial sale, was part of his own case and could not be injected into the case of the plaintiff in this manner.   The motion for a binding instruction to the jury to find for the defendant rested on the reason stated by his counsel, that " the plaintiff has shown title out of Wainwright and Bryant to W. A. Simpson by his own evidence, and has shown no title subsequent to our title in Wainwright and Bryant."   This was a misconception of the effect of the evidence.

The plaintiff had not shown title out of Wainwright and Bryant by his offer.   He had offered to show, and had shown, only " that the defendant is claiming title under Wainwright and Bryant," or in other words that the defendant admitted that the title of Wainwright and Bryant was a good title.   This was all, and it did not justify the instruction asked for and actually given by the learned trial judge.   The burden of showing how he derived his title from the common source, and that the sale under which he claimed was prior in time to that under which the plaintiff claimed, was still on the defendant.   When he had laid his title before the jury in any competent manner the burden of showing its invalidity would then have rested on the plaintiff; but the fact that he used the defendant's admission of the validity of the title of Wainwright and Bryant

instead of establishing that title by tracing it from the commonwealth to them, did not put that burden on him. The effect of showing a common source of title is well settled: Turner v. Reynolds, 23 Pa. 199; Clark v. Trindle, 52 Pa. 492; Riddle v. Murphy, 7 S. & R. 230. Nor can this judgment be sustained on the ground that the plaintiff did not show possession in Wainwright and Bryant at the date of the sheriff's sale under which he claimed in accordance with the rule laid down in Yost v. Brown, 126 Pa. 92. In that case the plaintiff did just what the plaintiff in this case did. He put in evidence the judgment on which the sheriff's sale was made, the process upon it, the sheriff's sale, and the acknowledgment of the sheriff's deed. He then offered the summons in ejectment and the sheriff's return, and rested. The defendant then entered upon his defense and showed a sale and conveyance of the land by the defendant in the judgment to a third person before the judgment which the plaintiff had given in evidence was entered and rested.

Upon this state of the evidence it was held that the presumption that possession follows the title was stronger than the presumption of possession arising from a return of service upon the defendant in ejectment, and should therefore prevail until rebutted by evidence showing that the possession of the defendant in the judgment continued notwithstanding his sale. The principle on which that case was decided has no application whatever to this. This was a contest between rival claimants under successive sheriff's sales in which the later purchaser had to attack the validity of the earlier sale or fail in his action. If the first sale was fraudulent then the purchaser under the second acquired the title of the defendants in the judgment, and both as to them and the purchaser at the first and fraudulent sale, is entitled to recover.

The judgment is reversed and a venire facias de novo awarded.