## Skillman v. Magill, Appellant.

Argued November 19, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP,
CUNNINGHAM and BALDRIGE, JJ.

*Isaac J. Vanartsdalen,* and with him *Calvin S. Boyer,*
for appellant.—There was no evidence that the de-
fendant was in possession of any part of plaintiff's
premises and without such proof plaintiff was not
entitled to recover: McCanna v. Johnston, 19 Pa. 434;
McIntire v. Wing, 113 Pa. 67; Yost v. Brown, 126 Pa.
97; Kreamer v. Voneida, 213 Pa. 74; Sautter v. Row-
land, 285 Pa. 212.

Plaintiff was in possession himself of the greater part of the premises for which he brought action of ejectment and cannot recover therefor: Kribbs v. Downing, 25 Pa. 399; Corley v. Pentz, 76 Pa. 57.

*John L. DuBois,* for appellee, cited: Lake Winola Ass'n v. Mott & Swatz, 1 Pa. Superior Ct. 304; Smith v. Brotherline, 62 Pa. 461; Rodgers v. Pgh. F. W. & C. Ry. Co., 255 Pa. 462; Baxter v. Girard Trust Co., 288 Pa. 256.

OPINION BY BALDRIGE, J.: January 29, 1930:

The parties to this suit are owners of adjoining properties in New Hope Borough, Bucks County. A short time before the bringing of this ejectment, the defendant learned that the calls in his deed did not include a triangular strip extending about thirty-five feet along the rear of the lot and being seven feet wide at one end and tapering down to a point, which was within his fence line. The defendant took a rule on the plaintiff, under the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212, to bring his action of ejectment within six months to determine the ownership of this strip of land. Plaintiff brought an action, but instead of describing the land as set out in the petition for the rule, he included in his declaration the entire tract as described in his deed. He was in possession of that property, except the small piece referred to. A writ was issued for a tract of land described as follows: "Situate in the Borough of New Hope, in said county, bounded (as per description in deed) (sic) by land of Brick Hotel property, Hiram Scarborough, Elias Ely, and others." The sheriff's return showed that he served the writ, March 1, 1928, on "Roscoe C. Magill, the within named defendant, he being the person alleged to be in possession of the within described premises."

The defendant filed a special plea in the nature of

a disclaimer of title to any of the land not on his side of the fence line, and in his fifth paragraph described the land in dispute.

The case came on for trial. The plaintiff offered in evidence the sheriff's return for the purpose of proving that the defendant was in possession of the real estate set forth in the writ. The court sustained objection to its admission on the ground that the service of the writ was defective. Plaintiff then offered in evidence paragraph 2 of the defendant's special plea for the purpose of proving possession. This paragraph did not describe the land in controversy, but set forth that the defendant claimed title and ownership to all the premises on his side of the fence line, and then followed a description by courses and distances of all of the land in possession of the defendant. An objection to this evidence was overruled. After the plaintiff offered his paper title, he rested. Motion was made for compulsory nonsuit, which was refused. Defendant offered his record title and then produced evidence of the location of the fence and of an adverse possession up to the fence line for more than twenty-one years. The court refused binding instructions for the defendant and directed a verdict for the plaintiff for the land described in the writ and refused a judgment n. o. v. and for a new trial.

Ejectment is to recover possession of land and where the plaintiff is already in possession, he is not entitled to a verdict: Kribbs v. Downing, 25 Pa. 399; Corley v. Pentz, 76 Pa. 57; Kreamer v. Voneida, 213 Pa. 74; McCanna v. Johnston, 19 Pa. 434; McIntire v. Wing, 113 Pa. 67; Yost v. Brown, 126 Pa. 92; Sautter v. Rowland, 285 Pa. 212.

If the plaintiff was seeking to recover all the land mentioned in the writ, the description therein would have been in compliance with the Act of March 21, 1806, 4 Sm. L. 326, Sec. 12: Seaman v. Waltemire, 79

Pa. Superior Ct. 366. But, admittedly, the only dispute was as to the wedge-shaped piece of ground and it is considerably less than the land described in the writ. The plaintiff should have proven that the land he claimed was in possession of the defendant and offered evidence, by courses and distances or by fixed limits and boundaries, to definitely identify it: Seitz v. Penna. Railroad Co., 272 Pa. 84; Hagey v. Detweiler, 35 Pa. 409; Hunt v. McFarland, 38 Pa. 69; Harris v. Railway Co., 11 Pa. Superior Ct. 6.

In controversies over the location of division lines between improved property, where a small amount of land is involved, it is a matter of importance that the land in dispute be definitely fixed by party claiming title thereto, so that a jury may understand how much land is in controversy and be able to describe sufficiently the property for which they give their verdict: Rodgers v. Pgh., F. W. & C. Rwy. Co., 255 Pa. 462.

The trial judge apparently recognized that there was not on the record a sufficient description of the land, for in his opinion refusing a new trial and judgment n. o. v., he said, "It will be noticed that we have thus far purposely omitted to refer to this three-cornered, or wedge-shaped parcel of land, because it is not mentioned in second paragraph of defendant's special plea admitted in evidence; but it is now called to our notice by declaration of the learned attorney for the defendant trying the case, in open court, as a part of his motion for nonsuit, and we are of the opinion it must be construed and considered as an admission binding upon his client, the defendant, of the latter's possession of this lot." We find no authority to support this proposition: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, was relied upon by the lower court to sustain its conclusions, but that authority holds quite to the contrary. The Supreme Court said in their opinion, "While the pleadings in the case determine

the issues, primarily they are not evidence for any purpose unless made so by Act of Assembly.'' ''When plaintiff's case is closed and a motion for nonsuit is entered, such motion must be based on the record as made.''

There is no Act of Assembly which provides that the court may consider as evidence a portion of the pleadings in the case because they were referred to in some manner or other in the course of an argument.

Henry v. Huff, 143 Pa. 548, is cited as an authority supporting the proposition that it was incumbent upon the defendant, as he was setting up title by an adverse possession, to prove the location of the disputed line and the amount of land in controversy. The statements of fact in that case, however, show that the plaintiff proved by the service of the writ, which was admitted in evidence, that the tract in controversy was in the possession of the defendant. That case is not in point as there is no evidence here of the amount of land in dispute or that it was in possession of the defendant. The plaintiff failed to make out a case for submission to a jury.

Judgment of the lower court is reversed and the record is remitted for amendment of the plaintiff's statement to co-incide with the description in the petition for the rule and a new venire is awarded.