## Baehr v. Hagan et al.

*William B. Arnold*, for plaintiff.
*Charles W. Eaby*, for defendants.

SCHAEFFER, P. J., May 19, 1950.—On February 7, 1950, plaintiff filed a complaint in an action to quiet title. Defendants filed "a motion to quash or dismiss plaintiff's petition".

In the complaint filed by plaintiff defendants are described as licensees and occupants of a certain dwelling house which is occupied by plaintiff as owner.

The complaint alleges in paragraph 4(*a*) that plaintiff and his wife, as owners, granted a gratuitous oral license, revocable at will, to Mary Batzer to live with them in their home. Mary Batzer is the aunt of plaintiff and mother of plaintiff's wife and the mother of Julia Hagan, one of the defendants. Paragraph 5(*a*) of the complaint alleges that plaintiff and his wife invited Charles Grossman, one of the defendants, and his three minor children, after the death of his wife to live with them and granted him a gratuitous oral license, revocable at will. Paragraph 6(*a*) of the complaint alleges that Julia Hagan, the other defendant, at the request of her mother, Mary Batzer, also became an occupant of the same house under a gratuitous oral

license, revocable at will by plaintiff. She was to take care of her aged mother, Mary Batzer. It is further averred that plaintiff's wife died and in paragraph 7 of the complaint it is alleged that plaintiff wants to remarry and wants to have the exclusive occupancy of the entire premises for himself and his proposed wife and for his mother-in-law and aunt, Mary Batzer, whom plaintiff and his proposed wife desire to maintain in their home.

It is averred in the complaint that in March 1949 defendants were notified that the license for them to live in the house was revoked and they were requested to leave; and that in October 1949 additional notices in writing were given to defendants, but they have continued to occupy the premises with plaintiff, claiming "that they have some alleged legal rights to remain in occupancy of the premises . . . so long as they desire and regardless of plaintiff's revocation of the license hereinbefore described".

Accordingly, plaintiff instituted this action to quiet title averring that an action of ejectment was inapplicable because plaintiff has not been wholly ousted from possession.

Plaintiff has proceeded under Pensylvania Rules of Civil Procedure 1061 to 1066, inclusive. Rule 1061 provides as follows:

"(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to the action of assumpsit. (b) The action may be brought (1) to compel an adverse party to commence an action of ejectment; (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land; (3) to compel an adverse party to file, record,

cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or (4) to obtain possession of land sold at a judicial or tax sale."

The rules relating to preliminary objections are limited to (1) a petition raising a question of jurisdiction; (2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter; (3) a motion for a more specific pleading; (4) a demurrer, and (5) a petition raising the defense of lack of capacity to sue, pendency of a prior action, nonjoinder of a necessary party, or misjoinder of a cause of action.

Defendants have assigned seven reasons for the dismissal of plaintiff's action to quiet title. Defendants' main objection is that the question of title is not involved but only occupancy, and that the facts set forth in the complaint are not within the scope of the action to quiet title as governed by the Pennsylvania Rules of Civil Procedure.

The proceeding in the instant case was instituted by filing a complaint instead of a petition, which is the proper procedure. However, the question whether an action to quiet title lies under the pleaded facts requires consideration. It is evident that defendants' objections are in the nature of a demurrer and the proper procedure is by preliminary objections. In Nickel v. McNaight et ux., 62 D. & C. 512 (1948), it was decided that the nomenclature of pleadings covered by the Pennsylvania Rules of Civil Procedure should be followed. A preliminary objection is a pleading. In Goodrich-Amram Civil Practice, at p. 111, it is said:

"Rule 1017(b) lists the various kinds of questions which are to be included in the preliminary objection. No matter which of the questions is to be raised, the paper in every case is to be called a 'preliminary objec-

tion'. It is not intended by Rule 1017 (b) that the paper filed should bear the name 'demurrer' or 'motion to strike off', etc., if that is the nature of its content."

Plaintiff cites Stackpole et al. v. Stackpole, 61 D. & C. 222, and Pasyotis et al. v. Fromm et al., 42 Berks 75. In both cases it was held that under Rule 1061 (*b*) (2) "to determine any right, lien, title or interest in the land", an action to quiet title is proper where an easement is involved. However, in the instant case we have an oral license revocable at will. In Stern's Trickett on the Law of Landlord and Tenant (1950 ed.), it is said, at page 6: "Another personal relationship which is to be distinguished from a tenancy is that of a licensee. A license is a purely personal privilege. It is not an estate in land." See McFerren v. Deardorff, 69 Pa. Superior Ct. 154.

An action to quiet title under the Pennsylvania Rules of Civil Procedure is available "where an action of ejectment will not lie, to determine any right, lien, title or interest in land". Plaintiff contends that because plaintiff and defendants are presently occupying the entire premises in dispute and because plaintiff was not ousted ejectment will not lie, citing Corley et al. v. Pentz, 76 Pa. 57.

Under the pleaded facts in the instant case neither an action of ejectment nor an action to quiet title are the proper remedies. It seems that plaintiff has a statutory remedy to dispossess defendants which has not been suspended by the Pennsylvania Rules of Civil Procedure. The Act of March 31, 1905, P. L. 87 provides:

"In all cases where a tenant shall hold possession of real estate within this Commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an indeterminate time, and the immediate landlord or owner of such real estate shall desire to regain possession thereof from such tenant or occupant, he shall serve upon the tenant or

an adult member of his family a notice, in writing, demanding therein that he requires such tenant or occupant to deliver to him the possession of the premises, so held, within thirty days from the date of service thereof."

In Weill v. Peifer, 28 Lanc. 308, Landis, P. J., decided that a licensee occupying part of the same farm as the owner under an oral license, to exist as long as he was employed by plaintiff, could be dispossessed under the Act of March 31, 1905, P. L. 87. In Dougherty's Estate, 58 D. & C. 202, Judge Ladner in his opinion, at page 206, said:

"The test to determine whether an agreement for the use of real estate is a lease or a license, is whether the contract gives exclusive possession of the premises against the world, including the owner, in which case it is a lease, or whether it merely confers a license to occupy under the owner . . . Under defendants' own averments decedent never agreed to give them exclusive possession, nor more than a right to occupy jointly with him his home at his pleasure."

In McHendry v. Shaffer, 58 Pa. Superior Ct. 171, 175, it is said:

"A license has been defined to be: 'An authority to do a particular act or series of acts upon another's land without possessing any estate therein, and is usually created by parol, though it may be inferred from circumstances in the relationship of the parties. "It properly passeth no interest, nor alters or transfers property in anything" ': Baldwin v. Taylor, 166 Pa. 511. A license such as this is revocable at the privilege of the licensor."

The court is of the opinion that under the pleaded facts defendants as occupants under a gratuitous oral license, revocable at will by plaintiff, have no right, title or interest in the property. Rule 1061 of the Pennsylvania Rules of Civil Procedure in an action

to quiet title provides for obtaining possession of land sold at a judicial or tax sale, as decided in Second National Bank of Uniontown v. Hustead, 334 Pa. 421, but there is no provision in rule 1061 to obtain possession in case of a license.

This case presents an anomalous situation and under the circumstances the court enters the following interlocutory order:

And now, May 19, 1950, Julia Hagan and Charles Grossman, defendants, are allowed either to amend their pleadings or to file an answer to the complaint within 20 days.