## Tryon *against* Carlin.

The uncertainty of a verdict may be a good ground for setting it aside and granting a new trial, but it is no reason for arresting the judgment.

In an action of ejectment for fifty acres of land, upon the general issue, the jury found " for the defendant ten acres, forty-eight perches, the meadow on the west side of the creek, and find for the plaintiff the balance :" *Held*, that the verdict was sufficiently certain.

The plaintiff in ejectment, in his statement, described his claim as " fifty acres of land in Athens township, Crawford county, bounded north, west and south by land of the plaintiff, and part of the same tract No. 157, and east by land of the heirs of Daniel Carlin :" *Held*, to be a sufficient description.

Upon the trial of an action of ejectment, exceptions to the opinion of the court were taken by both the plaintiff and defendant ; the jury found a verdict, which the court below deemed uncertain, and therefore arrested the judgment. Upon a writ of error by the plaintiff, the judgment of the court below was reversed, and the record remitted, with directions to enter judgment upon the verdict, that the defendant might have the benefit of his exceptions upon a writ of error.

WRIT of error to the common pleas of *Crawford* county.

Ejectment by James Tryon against John and Grace Carlin for a tract of land, which the plaintiff, in his statement, thus described: " fifty acres of land in Athens township, Crawford county, bounded north, west and south by land of the plaintiff, part of the same tract No. 157, and east by land of the heirs of Daniel Carlin." Upon the trial of the cause several exceptions were taken both by the plaintiff and defendant; which it is unnecessary to mention, because they were not the subject of argument or decision in this court. The jury found a verdict " for the defendant for ten acres and forty-eight perches, the meadow on the north side of the creek, and find for the plaintiff the balance."

On motion of the defendant's counsel the court arrested the judgment, on the ground that the verdict was uncertain. The plaintiff sued out this writ of error.

[Tryon v. Carlin.]

*Derrickson* and *Riddle*, for plaintiff in error, agreeed to take a judgment on the verdict waiving their exceptions below, and agreed that the court erred in arresting the judgment.

*Farrelly* and *Pearson*, for defendant in error, argued that the plaintiff's statement did not sufficiently describe their claim, and cited Smith *v.* Jenks, 10 *Serg. & Rawle* 153: Bagly *v.* Wallace, 16 *Ibid.* 249; Green *v.* Watrous, 17 *Ibid.* 393.

The opinion of the Court was delivered by

Sergeant, J.—The uncertainty of a verdict may be a ground for setting it aside and granting a new trial, but it is no reason for arresting the judgment. The defect being in the act of the jury, the remedy is to call a new jury, in order that a proper verdict may be rendered. This the court below subsequently perceived, and it is now admitted. This court, therefore, is bound to reverse the judgment of the court below arresting the judgment for the plaintiff: but whether judgment ought to be rendered upon the verdict must depend upon the inquiry, whether it is defective for uncertainty.

The ejectment is brought for " fifty acres of land in Athens township, Crawford county, bounded north, west and south by land of the plaintiff, part of the same tract No. 157, and east by land of the heirs of Daniel Carlin." The plea is, not guilty; and the verdict of the jury is, that " they find for the defendant ten acres and forty-eight perches, the meadow on the west side of the creek, and find for the plaintiff for the balance." It would seem that by this verdict, the whole claim of the plaintiff is disposed of, and with sufficient certainty. It finds for the defendant a particular meadow, describing its site and contents, and the rest of the land claimed for the plaintiff. The sufficiency of a verdict is to be judged of by the face of the record. It is good if it finds the whole matter in issue. Here the fifty acres were in issue; and, as to part, it finds for the defendant, describing it, and the residue for the plaintiff. The whole matter in issue is thus disposed of, as much so as if it had found the whole fifty acres for the plaintiff or for the defendant; and it would not be pretented such a verdict was defective.

It is said to be defective because the plaintiff's whole tract is a donation tract, No. 157, of five hundred acres; and one hundred acres of this tract, adjoining Carlin on the east, was claimed by Carlin as part of his settlement on a larger tract of his, the rest of which was vacant. And the defendants say, as the plaintiff sued but for fifty acres, which are not specifically pointed out in the description or the verdict, the surplus beyond the ten acres and forty-eight perches, found for the defendant, is uncertain : it cannot be ascertained what part of the one hundred acres it embraces. But, as I have before stated, the sufficiency of the verdict is to be judged of by the face of the pleadings and the verdict, not by the evidence on the trial. As the plaintiff describes all the rest of the five hundred acre tract to be his, except the fifty acres, we are to presume, after

[Tryon v. Carlin.]

verdict, he was in possession of all the rest; at least it could not be in issue ·in this ejectment. If the defendants were indisputably in possession of more than fifty acres, they might have requested the court to instruct the jury to designate the portion of it which they should comprehend in their verdict. In the absence of such request, and on this finding, we are to infer that the defendants were not in actual possession of more than fifty acres.

It has been further insisted that the description is defective, and warrants the arrest of judgment. But in the cases of Thomas *v.* Culp, 4 *Serg. & Rawle* 271, and Lyon *v.* Meade, 4 *Ibid.* 281, the descriptions were nearly the same as the present, and were held sufficient under the act of assembly.

It appears that several exceptions to the charge of the court by the plaintiff were taken on the trial, which he has now waived. It is also stated that there were exceptions by the defendant. We conceive it to be the duty of this court, and that we have power, under the act of the 16th of June 1836, so to modify the proceedings of the court below, that the defendants may have a hearing before this court on their exceptions. This may be done by remitting the record, with directions to the court below to enter judgment on the verdict; on which the defendant may take out a writ of error if he pleases.

Judgment arresting the judgment reversed, and record remitted with directions to the court below to enter judgment on the verdict.