# O'Keson *against* Silverthorn.

In an action of ejectment by several plaintiffs, some of them may suffer a nonsuit, and the trial proceed to verdict and judgment for the others.

In ejectment the verdict must be certain in its description of the premises recovered; if it be of part of a tract of land, it must describe it by reference to something of a permanent and public nature, such as a line marked upon the ground, a recorded deed, or a diagram filed of record with the verdict.    A verdict for the land " which lies west of the line testified to by R. S.'' is bad.

ERROR to the Common Pleas of *Juniata* county.

[O'Keson v. Silverthorn.]

This was an action of ejectment by John Silverthorn and others against Samuel O'Keson. After the testimony in the cause was given, there was no title shown to be in two of the six plaintiffs; whereupon those two suffered a nonsuit, and the trial went on as to the other four plaintiffs. The defendants, therefore, contended that none of the plaintiffs were entitled to recover, but the court instructed the jury that if the four plaintiffs were otherwise entitled to recover, they would not be prejudiced by the nonsuit of the two who had shown no title. This was the subject of an exception.

The jury found the following verdict:—

"We do find for the plaintiffs the undivided four-sixths of one-third of one hundred and four acres, part of the tract of two hundred and eight acres named in the writ in this case, being the western part of the tract, and lying west of the line proved by Robert Silverthorn to have been made as a division line of the whole tract in the spring of the year 1801 by and between Daniel O'Keson and Nicholas O'Keson."

The defendant moved for a new trial on the ground that the verdict was uncertain and insufficient, but the court overruled the motion, and entered a judgment for the plaintiffs.

*Reed,* for plaintiff in error, argued that there could not be a nonsuit as to two of six plaintiffs and trial as to the others, and cited 12 *Serg. & Rawle* 435. That the verdict was uncertain, because it referred to a line sworn to by a witness which could not be referred to at any future time to designate the rights of the parties. 3 *Watts & Serg.* 460; 7 *Serg. & Rawle* 433.

*Fisher,* contra, referred to the Act of 31st March 1823, which authorizes one of several plaintiffs in ejectment to suffer a nonsuit; and as to the certainty of the verdict referred to 17 *Serg. & Rawle* 399; 5 *Watts* 398; 5 *Watts* 371.

The opinion of the Court was delivered by

SERGEANT, J. — The first objection relied upon in this case to the entry of a nonsuit on the trial is removed by the provisions of the Act of Assembly of the 31st March 1823, section 1, which expressly authorizes the course of proceeding pursued on the trial by the plaintiffs.

But the other objection to the verdict as defective for want of sufficient certainty, it is not so easy to get over. In ejectment the verdict must be certain as to the premises recovered, or at least capable of being rendered certain, by a reference to something of a permanent and public nature, by which the title may be ascertained, otherwise its termination would be but the beginning of new litigation. A reference, therefore, to a matter of record, as a recorded deed, or a diagram found by the jury and filed

of record with the verdict, like the draft of a road in the Quarter Sessions, or to natural or artificial boundaries on the ground, might be sufficient.    Perhaps in the present case, had the verdict ended with giving to the plaintiffs the undivided four-tenths of one-third of 104 acres, part of the tract of 208 acres named in the writ, being the western part of the tract, it might be supported, leaving to the plaintiffs the risk of taking possession according to it, as it is said in the books that the writ of possession is drawn up in general terms, commanding the sheriff to give the plaintiff the possession of his term of and in the premises recovered in the ejectment, but without any particular specification of the lands whereof he is to make execution; and that it is the practice for the plaintiff, at his own peril, to point out to the sheriff (who may require indemnity) the premises whereof he is to give possession; and if he takes more, the court will interfere.   *Adams on Eject.* 307–8.   But here the plaintiffs are not left by the jury to that course, for they are to take what lies west of the line proved by Robert Silverthorn to have been made as a division line of the whole tract in the spring of the year 1801, by and between Daniel O'Keson and Nicholas O'Keson. Who can tell how this line is to appear?   Nothing is referred to as showing it to future times; it rests merely on the evanescent oral proof of a witness given during the trial.   Yet by it, and by it alone, the plaintiffs are to take and hold.   For this reason, we are obliged to set aside the verdict and judgment.

Judgment reversed, and *venire de novo* awarded.