## TYSON *v.* PASSMORE.

A verdict in ejectment for eighty-two and a half acres of land, being the land covered by the warrant of survey of July, 1832, is sufficiently certain.

In error from the Common Pleas of Chester county.

*Jan.* 3. The plaintiff in error brought ejectment for two hundred and thirty acres of land, and the jury found for the plaintiff eighty-two and a half acres of land, being the land covered by the warrant of survey of July, 1832. These were all the facts on the record, there being no bill of the exceptions, and no mention of the questions in dispute in the court below, or of the facts referred to in the opinion of this court. The Reporter is therefore unable to state what those facts were.

The only error assigned was the uncertainty of the verdict.

*Darlington* and *Lewis*, for plaintiff in error, contended that the verdict was too uncertain, because it did not find in what part of the land held by the defendant the land recovered by the plaintiff was located, and the sheriff could not execute a *habere;* and that the defendant could not, after the sale to the plaintiff, determine the location by a survey without his consent. They cited 10 Serg. & Rawle, 153; Stewart *v.* Speer, 5 Watts, 79; Burdick *v.* Norris, 2 Watts, 28; Harrisburg *v.* Crangle, 3 Watts & Serg. 460; O'Keson & Silverthorn, 7 Watts & Serg. 246; Tryon *v.* Carlin, 5 Watts, 371.

*P. F. Smith* and *Meredith,* contrà.—The position of the land was determined by the survey, and the jury have found that it is the land the plaintiff is entitled to. It is well settled that a verdict referring to a paper deed, or natural boundaries, which are certain, or which will enable a surveyor to lay out the land with certainty, is sufficient.

*Jan.* 24. BURNSIDE, J.—This case was before the court at December Term, 1845, and is reported in 2 Barr, 122.

The plaintiff below, who is plaintiff in error, complains : 1. That the verdict of the jury does not ascertain where the eighty-two acres and a half are to be taken from the tract claimed; and 2. The judgment on the verdict is uncertain, and does not ascertain the rights of the parties as to the tract of land in dispute. The ejectment was an equitable one, to recover possession of a mes-

suage and tract of land situate in the township of West Notting-ham, in the county of Chester; bounded by lands of Aaron Carter, Isaac Tyson, jun., John W. Passmore, and others; containing two hundred and thirty acres, more or less. The verdict was for the plaintiff "for eighty-two and a half acres of land, being the land covered by the *warrant* of survey of July, 1832." The warrant, which was for seventy-five acres, and specially descriptive, had been surveyed, and returned for seventy-three acres and sixty-two perches, which bounded on the south-east end of the survey, on a new survey of John W. Passmore. The plaintiff, under his contract with the defendant, claimed the whole of both old and new surveys. The verdict is in accordance with the warrant the plaintiff purchased from the defendant. The whole title of the plaintiff and the defendants in evidence demonstrate that he has no ground of complaint. The verdict gives all the land to the plaintiff according to the calls of his warrant, and ten per cent. It gives to the plaintiff a portion of the defendant's later survey. To this the defendant accedes, and has actually run off the quantity, and left in the office a deed in accordance with the verdict.' The defendant offers the plaintiff the land surveyed; still the plaintiff wants to set aside the verdict for uncertainty. Whenever the verdict is sufficiently certain to enable the court to give judgment, and the sheriff to deliver the possession, where that is required in a *habere*, it will not be disturbed; 17 Serg. & Rawle, 400. Our courts will always give verdicts a liberal construction, and give judgment upon them when justice is done between the parties. This is more especially the case in equitable ejectments to enforce contracts.

The verdict gives to the plaintiff all the land he was entitled to recover under the contract, and all the land he could hold or claim under the warrant which was the foundation of his title. If the plaintiff is still dissatisfied with the return of survey and the addition decreed by the verdict, and desires it all to be returned in the warrant, he can obtain an order to that effect from the board of property, and have a re-survey of the whole quantity, and in accordance with the verdict and judgment.

Equitable ejectments in Pennsylvania are often a substitute for a bill in equity. When understood, they are capable of being managed so as to perfect contracts, and do right and justice between parties.

Judgment affirmed.