# The Lake Winola Association, Appellant, *v.* Riley Mott and Wm. H. Swatz, Appellees.

*Ejectment—Sheriff's return as showing possession—Missing jurat.*

Granting the necessity of an affidavit by sheriff showing service of the writ on defendant to establish possession by the defendants, it is competent for a sheriff who has gone out of office to prove that the return was in fact sworn to when made and that the prothonotary's jurat was omitted. Such a condition is sufficient to take the case to the jury on the question of possession by defendants of land described in a writ of ejectment.

*Ejectment—Prima facie title—Lakes or ponds—Location—Nonsuit.*

A pond included in the original survey was undoubtedly the subject of sale in the ordinary course of the land office.

A recital in the patent that the right of John Lynch, the warrantee, had become vested in one G. E. Palen, is prima facie evidence of such vesting. A description in a writ sufficiently identifies the land sued for when a fixed point of departure is given, from which point all other lines can be traced. Nothing further in location was necessary, and a nonsuit was improperly granted.

Argued Jan. 15, 1896. Appeal No. 17, Jan. T., 1896, from the order of C. P. Wyoming Co., Nov. T., 1892, No. 77, refusing to take off a compulsory nonsuit. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Ejectment to recover all that certain lot or piece of land, situate in Overfield township, Wyoming county, Penna., and beginning at the water's edge of Lake Winola, and running thence, along the line of the lands of defendants, easterly, about ten rods, to the line dividing the John Lynch and Samuel Allen warrants, thence, northerly along said warrant line, ten rods to a corner; thence westerly ten rods, and thence southerly, and parallel to the said Lynch and Allen warrant line ten rods to the place of beginning.

The defendants pleaded not guilty and filed the following disclaimer:

"And now, to wit, Jan'y 14, 1895, the defendants, in addition to the plea of not guilty, to the plaintiff's amended writ, filed the following disclaimer, to wit:

"The defendants hereby and ever maintaining, protesting and saving their prescriptive rights to enter upon the premises in the plaintiff's writ described, being land covered with water, a portion of a large body of water, not being a private lake, known as Lake Winola, for fishing, boating, and taking of ice and the right of way at all times, over, in and upon the said premises, in said writ described and said lake, in common with other adjoining landowners, acquired from continued, uninterrupted and adverse use by the defendants and said adjoining owners, for the period of upwards of twenty-one years, disclaim all the land in said writ described, lying and being outside of that limit of a line drawn from the shore of said lake into the lake at a point thereon where at any and all seasons of the year the water is of the depth of five feet from the surface to the bottom óf said lake ; a more particular description of which disclaimer the said defendants are unable to give by reason of the shifting line of said shore and the variable depth of the water at different seasons of the year."

Plaintiff and defendants both filed their synopsis of title on the trial and the court granted a compulsory nonsuit which it subsequently refused to take off, whereupon plaintiff appealed to the Superior Court ; the court below certified the value of land to be under $1,000.

*Errors assigned* were, (1) granting a compulsory nonsuit; (2–3) refusing to take off nonsuit.

*Chas. E. Terry, W. E. Little, Jas. W. Piatt* and *C. A. Little,* with them, for appellant.—On the question of the effect of the disclaimer, plaintiff cited Greeley v. Thomas, 56 Pa. 35 ; Crea v. Hertzler, 8 Phila. 644 ; Ulsh v. Strode, 13 Pa. 432.   On the question of the identity, cited Stebbins v. Duncan, 102 U. S. 32 ; Wills v. Kane, 2 Grant, 60 ; Robeson v. Navigation Co., 3 Grant, 186 ; Taylor v. Parkhurst, 1 Pa. 197.

On the question whether a patent for land covered with water is valid, cited Shrunk v. Navigation Co., 14 S. & R. 71 ; Coovert v. O'Conner, 8 Watts, 470 ; Carson v. Blazer, 2 Binney, 475 ; Cobb v. Davenport, 32 N. J. L. 369 ; Ledyard v. Ten Eyck, 36 Barb. 102.

*E. J. Jorden, Ross & Dersheimer*, for appellee.—On the question of the return by the sheriff, cited McIntire v. Wing, 113 Pa. 67. Under plea of not guilty, plaintiff must establish not only his own title, but also the possession of the defendant: McCanna v. Johnston, 19 Pa. 434; Bronson v. Lane, 91 Pa. 153; Kirkland v. Thompson, 51 Pa. 216; Dietrick v. Mateer, 10 S. & R. 151. The oath to the return is an essential: McIntire v. Wing, 113 Pa. 67. The sheriff cannot acknowledge the deed after his term of office has expired. Act of June 16, 1836, P. L. 760. On the question of location and identification, cited Grier v. Coal Co., 128 Pa. 79. The plea of not guilty denies whatever is described in plaintiff's writ: Kirkland v. Thompson, 51 Pa. 216; Zeigler v. Fisher, 3 Pa. 365. Similarity of name is not sufficient: Wolf v. Goddard, 9 Watts, 544. On the question as to whether the patent for land covered with water is valid, cited 12 Am. & Eng. Ency. of Law, 615–619; Fulmer v. Williams, 122 Pa. 191; Freytag v. Powell, 1 Whart. 535; Poor v. McClure, 77 Pa. 214; Allegheny City v. Moorehead, 80 Pa. 118; Wolfe v. Reynolds, 80 Pa. 204; Thompson v. Johnson, 6 Binn. 68.

OPINION BY SMITH, J., February 20, 1896:

It is unnecessary to consider the first assignment, since error does not lie to the entry of a compulsory nonsuit, but to a refusal to set it aside: Scranton City v. Barnes, 147 Pa. 461.

The act of March 11, 1875, P. L. (6), provides that whenever the defendant shall offer no evidence the trial judge may " order a judgment of nonsuit to be entered, if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, with leave, nevertheless, to move the court in banc to set aside such judgment of nonsuit." In the present case, on a motion by defendants' counsel setting forth seven reasons therefor, the trial judge entered a judgment of nonsuit, and subsequently refused to set it aside, without specifying which of these reasons, if any, formed the ground of his ruling. We have, therefore, a judgment of nonsuit based on his opinion that the plaintiff had not given such evidence as in law was sufficient to maintain the action, with nothing to indicate his view of the particulars in which this evidence was deficient, and with an intimation that he regarded some of the

reasons for the judgment, presented by the defendants as insuffi-cient.   As, however, we review judgments, and not reasons, we proceed to consider the remaining assignments.

To maintain the action of ejectment, there must be proof that, at the commencement of the action, the defendant had the possession and the plaintiff the right of possession, of the land in dispute.   The sheriff's return of service of the writ is made by statute prima facie proof of possession by " the defend-ants marked served by him : " Act of April 13, 1807, section 2. Proof of title in the plaintiff is prima facie proof of his right of possession.   On trial, the plaintiff's title being presented, with the sheriff's return of service, the question is whether the plain-. tiff has shown such prima facie title as is sufficient to put the. defendant upon proof of a better one : Hoffman v. Bell, 61 Pa. 444.

In the present case, the only evidence of possession by the defendants is the sheriff's return that he had served the writ on them.   It is objected by their counsel, that the return is defec-tive, as evidence of their possession, by reason of the sheriff's omission to swear to it.   The plaintiff's counsel contend that the sheriff's affidavit of service is necessary only when the plaintiff asks a judgment for default on the defendants' non-appearance ; and that the oath was in fact made on the return of the writ, but that the prothonotary omitted to affix his jurat thereto.

The sheriff's affidavit of service is necessary to authorize judgment against the defendant for want of an appearance Traer v. Bowman, 3 P. & W. 70 ; Michew v. McCoy, 3 W. & S. 501.   Whether it is also necessary to make the return evi-dence of possession when defense is made, appears not to have been directly decided.   In a large proportion of the cases in which the return is held evidence of possession, it does not appear whether it was sworn to or not.   In .McIntire v. Wing et al., 113 Pa. 67, the return, under oath, showed service on terre tenants and the defendants not found.   The terre ten-ants, however, were not added as parties, while the defendants appeared and defended.   No evidence of their possession being given, judgment of nonsuit was entered.   The Supreme .Court affirmed this judgment, saying that as to the defendants who had not been served, " The presumption of possession created

by the statute, when the sheriff makes return, under oath, that he has duly served the writ on the defendants," did not exist. This, however, leaves undetermined the question whether the sheriff's affidavit is necessary when the defendant, after service, appears and defends.

The plaintiff's title and the defendants' possession forming the grounds of the action, speaking for myself, I can see no reason for requiring proof of the latter when the former is taken for granted, on the defendants' failure to appear.   In my view, the sheriff's oath to his return is required by statute only when the plaintiff moves for judgment by default " In case of any of the defendants not appearing ; " its purpose being to secure the highest degree of ex parte evidence that the defendant has been summoned by " a service agreeably to law," before being dispossessed as the penalty of his default.   But when the purpose of the writ has been effected by the defendant's appearance, there seems no reason why the sheriff's return should not stand on the general oath under which all other process is returned. The clause making the return evidence of possession is an independent one, and omits the requirement of an affidavit which, in a preceding clause, is made necessary to authorize judgment by default; thus impliedly giving the return full effect, as evidence of possession, without affidavit.

We do not, however, think it necessary to decide this point in the present case.   Granting the necessity for the affidavit, there is evidence that the return was in fact sworn to when made, though the prothonotary's jurat was omitted.   The sheriff was not called, after he had gone out of office, to perform an official act by making oath to his return, but to prove that he had made this oath while in office ; and in the absence of the jurat this evidence was admissible.   This feature of the case falls clearly within the principle laid down in the cases of Pottsville Bor. v. Curry, 32 Pa. 443 ; Cusick's Election, 136 Pa. 459.   There is sufficient, therefore, to take this case to the jury on the question of possession by the defendants of the land described in the writ.

Neither the existence of the plaintiff as a corporation, nor its right to hold real estate being put in issue by the pleadings, it is unnecessary to consider these questions.

The only remaining question is whether the prima facie title

shown by the plaintiff was sufficient to put the defendant on proof of a better one.

The plaintiff's title begins with a warrant to John Lynch, dated July 8, 1872, and a return of survey without date, accepted September 6, 1873. This return shows a survey of a tract containing two hundred and forty-seven acres and seventy-five perches, covered in part by a body of water designated as Crooked Pond, with lands of Samuel Allen on the east, Adam Schrock on the south, John Taylor on the west, and Caleb Avery and Azor Philo on the north. This is followed by a patent to G. E. Palen, dated September 6, 1873, for a tract of land "conveyed in pursuance of a warrant dated 8th day of July, 1872, granted to John Lynch, whose right in and to the same has since become vested in the said G. E. Palen," and corresponding to the survey in quantity, courses and adjoiners. Next is a deed from Palen and wife to J. R. Palen, dated July 2, 1888, for several parcels, the third of which is described as "That portion of a tract of land in the warrantee name of John Lynch covered by the waters of the said lake, a patent for the same having been issued to the said G. E. Palen the 6th day of September, 1873." Then follows a deed from J. R. Palen et al. to James Bowman, as trustee, for the land described in the preceding deed; a power of attorney from various parties to James Bowman, recorded May 30, 1891, authorizing him to convey (inter alia) the said land to "The Lake Winola Association, a corporation," and a deed from Bowman to the Lake Winola Association, dated June, 1891, for the said land. Assuming, as we are quite justified in doing, that "the said lake," referred to in the first deed as part of the John Lynch tract, is the body of water designated in the survey of that tract as "Crooked Pond," the plaintiff's chain of title is prima facie complete.

The pond included in the survey was undoubtedly subject to sale in the ordinary course of the land office: Del. & Hudson Canal Co. v. Dimock, 47 Pa. 393. The recital in the patent that the right of John Lynch, the warrantee, had become vested in G. E. Palen, is prima facie evidence of such vesting: Olewine v. Messmore, 128 Pa. 470. In the deed to Bowman, though he was designated as trustee, no trust was set forth. Whether the parties to the power of attorney had any interest is not material. If they had an interest Bowman was author

ized to convey it; if they had none, Bowman could convey the
legal estate vested in him by the deed from his predecessors in
title.    The description in the writ, with the amendment filed
on demand of the defendants, though not as particular in detail
as it might be, sufficiently identifies the land sued for as part of
the John Lynch warrant, in the township of Overfield.    A
fixed point of departure is found in the intersection of the
southern shore line of the pond with the warrant line between
the John Lynch and its eastern adjoiner the Samuel Allen,
and from this point all the lines can easily be traced.    As the
case stood when the motion for nonsuit was made, nothing
further in the way of location was necessary.

It is difficult to understand what was intended by the paper
which the defendants filed as a disclaimer.    The office of a
disclaimer is to define the issue when the defense does not go
to the entire claim of the plaintiff.    The act of March 21,
1806, section 12, provides that after the plaintiff has filed a
description of the land claimed, the defendant shall enter his
defense (if any he hath) for the whole or any part thereof.
" When the plaintiff in ejectment has filed a description of the
premises he sues for, it is the duty of the defendant, if he does
not mean to take defense for the whole premises, to file with
his plea a description of that part of the premises for which he
takes defense.    Such a special defense operates as a disclaimer
of possession or claim to whatever land is outside of the bound-
aries designated by the defendant, and narrows the issue to the
real point of contest:" Hill v. Hill, 43 Pa. 521.    In the paper
filed in this case, the defendants claim an easement in the
whole premises, practically embracing everything that could be
derived from ownership of the fee; and without describing any
part for which they take defense, "disclaim all the land in said
writ described, lying and being outside of" a line which they
aver their inability to ascertain or describe.    This is practically
neither a defense nor a disclaimer as to any portion of the land
described in the writ, and it fails to show that such a line as
the one so vaguely described would cross the land.    Neither
does any defense arise out of the easement averred, since an
easement in the land in dispute is no bar to a recovery in eject-
ment: Cooper et al. v. Smith, 9 S. & R. 32; Tillmes v. Marsh,
67 Pa. 507.

Judgment reversed, and a procedendo awarded.