## Levi Harris *v.* the Pittsburg & Lake Erie Railway Co., Lessee of the McKeesport & Belle Vernon Railway Co., Appellant.

*Ejectment—Sufficiency of description to sustain verdict.*

In ejectment the verdict must be certain as to the premises recovered, or at least capable of being rendered certain, by a reference to something of a permanent and public nature by which the title may be ascertained.

In the case at bar the following description was held not to be so manifestly indefinite as to justify the court in reversing the judgment for that reason: " A tract of land in Rostraver Township in the said county, containing two acres or thereabouts; bounded by lands of D. Castner, Miller & Reeves, and the Monongahela river."

Argued April 19, 1899. Appeal, No. 94, April T., 1899, by defendant, from judgment of C. P. Westmoreland Co., Feb. T., 1897, No. 390, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Ejectment. Before McCONNELL, J.

It appears from the record that plaintiff in this suit claimed title by adverse possession, and based it on the assertion that he bought $100 worth of land from Tom Reeves, in 1863; that he built a log cabin on the land and held it for twenty-five years, or until 1888, when, to use his own language, he " moved out on account of the high water, and before I got back the railroad company took it."

The court affirmed plaintiff's point, which point is as follows:

[If the jury believe that Levi Harris entered into possession of the premises described in the writ in 1863, under a claim of right, and since that time, or for a period of twenty-one years or more, has held actual, continued, visible, notorious, distinct and hostile possession of the same, your verdict ought to be for the plaintiff for the land described in the writ.] [1]

Defendant submitted points, which points and answers are as follows:

[1. The evidence in this case of title by adverse possession is insufficient to overthrow the recorded legal title and your verdict therefore should be for defendant. *Answer :* That is a question that the jury must determine under the instructions that we have already given you. We cannot say as matter of law that it is insufficient. You must determine that as a matter of fact, and according as you may ascertain the facts to be, the question of law will follow.] [2]

[2. The description of the property mentioned in the writ is too vague and indescriptive to admit of a recovery for plaintiff, and your verdict therefore should be for defendant. *Answer :* That point we refuse. We have some indication in the act of assembly of the nature of the description, and the underlying necessity for a description is to enable persons interested in a suit to ascertain the identity of the tract of land. If it is sufficient for that purpose it is sufficient for the purpose of laying the basis for trying the title to it. And in addition to that, in the case of a recovery by the plaintiff, your verdict would be for the premises described in the writ, with six cents damages and costs, and you can then add any further description of the tract that there has been evidence to justify introduced before you, if you desire to make it more specific. But we refuse this point as it is stated here, and hold the description that is contained in this writ as sufficient in this case, and we cannot say that the verdict should be for the defendant for the reason assigned in the point.] [3]

[The court entered judgment on the verdict for the plaintiff, the description in the writ being as follows : " A tract of land situate in Rostraver Township, in said county, containing two acres or thereabouts; bounded by lands of D. Castner, Miller & Reeves and the Monongahela river."] [4]

[Evidence was admitted on behalf of the plaintiff that he acquired possession of the land and placed improvements thereon under a purchase or gift from the alleged former owner.] [5]

Verdict and judgment for plaintiff for six cents damages and costs.   Defendant appealed.

*Errors assigned* were (1) in affirming plaintiff's point, reciting same.    (2, 3) Refusing to affirm defendant's first and second points, reciting points and answers.    (4) In entering judgment on the verdict for the reason that the verdict is void for uncertainty and vagueness in the description, reciting description.    (5) In admitting evidence to show that plaintiff acquired possession of the land and placed improvements thereon under a purchase or gift from the alleged former owner.

*E. E. Robbins* and *John E. Kunkle*, with them *Williams, Sloan & Griffith*, for appellant.—In ejectment the verdict must be certain as to the premises recovered, or at least capable of being rendered certain, by reference to something of a permanent and public nature, by which the title may be ascertained, otherwise its termination would be but the beginning of new litigation: O'Keson v. Silverthorn, 7 W. & S. 246.

The plaintiff in this case has not given the names of the persons who owned the land adjoining the tract of land claimed at the time of the alleged dispossession in 1888, or at the time suit was brought December 15, 1896.   This has been held to be necessary in the description: Hawn v. Norris, 4 Binn. 77.

On referring to the writ it is indescriptive, except by adjoiners. No shape or form of the land in dispute is given.   We think a delivery of it could not be made by the sheriff: Hunt v. McFarland, 38 Pa. 69.

It has been held as settled that the verdict may describe the tract by reference to something of a permanent and public nature, as a recorded deed or a document filed in court, like the draft of a road in the quarter sessions: Smith v. Brotherline, 62 Pa. 461.

Nothing of the kind exists in our case.   If the verdict was uncertain in itself, the court could not amend it by sending out a surveyor to carry into effect what they supposed to be the intent of the jury.   They could but guess at their meaning.

The verdict is not good unless it carries certainty upon its face, or refers to things by which it can be rendered certain: Smith v. Jenks, 10 S. & R. 153.

Nothing is referred to as showing it to future times; it rests merely on the evanescent oral proof of a witness given during the trial: Hagey v. Detweiler, 35 Pa. 409.

Another question arises upon this record, whether the plaintiff can prove a gift and improvements in pursuance thereof as the beginning of his title by adverse possession. This seems to be inconsistent, and there is nothing in the papers or pleadings or abstracts of title giving notice of any such gift or purchase by the plaintiff, and such evidence should have been excluded by the court. Our rule of court is as follows:

" In actions of ejectment, every material fact averred in the abstracts of title filed, shall be deemed, on the trial, to be competent evidence of the fact alleged, without further proof, and no evidence shall be admitted to support, contradict, qualify, explain, modify or vary the same, unless directly and specifically traversed or denied by the adverse party."

Under this rule of court it will be readily seen, that the averments in so far as they are not denied are admitted to be correct, and on the undisputed facts in this case the court should not have entered the judgment, or in fact should not have allowed the case to go to the jury, and we therefore ask the court to reverse.

*David L. Newill*, with him *James S. Beacom*, for appellee.— The writ in this case contains the following description: " A tract of land situate in Rostraver Township in the said county, containing two acres or thereabouts; bounded by lands of D. Castner, Miller & Reeves and the Monongahela river."

The jury found a verdict in favor of the plaintiff for the last named in the writ with six cents damages and costs.

There can be no doubt as to the one side of this tract of land. It is bounded by the Monongahela river, but a description even by adjoining owners has been held to be sufficient: Emig v. Diehl, 76 Pa. 359.

The description of the premises in the writ was sufficiently certain within all our cases: Clement v. Youngman, 40 Pa. 341; Smith v. Brotherline, 62 Pa. 461.

The writ in this case contains everything required to be in a writ of ejectment under act of assembly regulating the same. See Act of March 21, 1806, 4 Sm. L. 326, sec. 12. "The legislature (as was remarked by the court in case of Hawn v. Norris, 4 Binn. 79), have fixed the form and said that no other shall be pursued. Has that form been pursued? I think it has. In the form prescribed by the act of assembly, which has been exactly followed here, there are blanks left for the township, for the quantity of acres and for the names of the person or persons who own the adjoining lands. All these blanks have been filled up. It is not for us to say that the form prescribed by the act is insufficient. Indeed the description contains as much certainty as the ancient form of ejectment and in some respects more for the old form did not require that the owner of the adjoining land should be named;" so in this case all the blanks have been filled, and where the dispute is for an entire tract of land and the defendant does not own any adjoining lands, a verdict for lands described in a writ which contains all the requirements of the law ought to be held to be sufficient.

There is only one other question in this case, whether the plaintiff can prove a gift and improvements in pursuance thereof as the beginning of his title by adverse possession. That he can is decided by numerous authorities, among which are the following : Ewing v. Ewing, 96 Pa. 381; Campbell v. Braden, 9 W. N. C. 487.

OPINION BY ORLADY, J., July 28, 1899 :

In an action of ejectment the plaintiff recovered a verdict, with six cents damages and costs, for land described in the writ as follows : "A tract of land in Rostraver Township in the said county, containing two acres or thereabouts ; bounded by lands of D. Castner, Miller & Reeves, and the Monongahela river," and the principal error urged by the appellant is that "the description of the property mentioned in the writ is too vague and indescriptive to admit of a recovery for the plaintiff."

It was held in O'Keson v. Silverthorn, 7 W. & S. 246, that "In ejectment the verdict must be certain as to the premises recovered, or at least capable of being rendered certain, by a reference to something of a permanent and public nature, by

which the title may be ascertained, otherwise its termination would be but the beginning of a new litigation."

In Hagey v. Detweiler, 35 Pa. 409, the verdict of the jury was in the following form: "We find for the plaintiff so much of the land claimed in the writ as lies north of a line beginning at a point which is thirteen feet south from the middle of the south wall of the late old stone shed, thence by a straight line north-easterly direction to post, the southeast corner of plaintiff's lot." Of this verdict the Supreme Court said: "Whenever the verdict is sufficiently certain to enable a court to give judgment and the sheriff to deliver possession, it will not be disturbed; and this certainty must be in the verdict itself, or by a reference to something of a permanent and public nature. The verdict rendered, when taken in connection with the description in the writ, would be sufficient to indicate the ground recovered, if the starting point assumed in the verdict could be fixed with reasonable certainty. The vice of the verdict is radical and incurable. The practice of this court favors verdicts, but does not tolerate such essential uncertainty. It comes short of the object of all verdicts, which is to make an end of controversy," and the judgment was reversed.

These cases were approved and distinguished in Smith v. Brotherline, 62 Pa. 461, and a verdict for the plaintiff, thus describing the land, "for all the land in Cambria county down to the line established by Mr. Gwin and E. A. Vickory in the year 1849," was held to be sufficiently descriptive to sustain the judgment. In Emig v. Diehl, 76 Pa. 359, the premises, as set out in the writ, were, "a tract of land situate in Jackson township; containing 185 acres of land or thereabouts; bounded by lands of Michael B. Emig, John Eyster and Valentine Emig." Though the plaintiff, by leave of court, filed an amended description of the land, describing it by courses and distances and as containing 221 acres or thereabouts, the description of the premises in the writ was held to be sufficiently certain under authority of Clement v. Youngman, 40 Pa. 341, and Smith v. Brotherline, 62 Pa. 461. In Hunt v. McFarland, 38 Pa. 69, the judgment was reversed for the reason that the verdict was too vague and uncertain. The court said: "On referring to the writ, it is indescriptive except for adjoiners. No state or form of the land in dispute is given. We think a delivery of it could not be made

by the sheriff. If the jury had found for the plaintiff by a straight line from the maple to the chestnut corner, as they doubtless intended, it would have been sufficient, for this could have been certain." But the decision must be interpreted in view of the facts of the case. The court said : " The dispute between the parties arises about the south boundary of the plaintiff's land, which is the defendant's northern boundary, and is dependent on where the line of the donation tract was or is to be run on the south side." It thus appears that the uncertainty in the verdict consisted in the doubt as to the location of the boundary line in dispute between the parties—the sole question in controversy—and for this reason the finding of the jury was too vague to sustain the judgment.

On the trial of the case the defendant submitted a point as follows : " The description of the property mentioned in the writ is too vague and indescriptive to admit of a recovery for plaintiff and your verdict therefore should be for the defendant," which was refused by the court. The jury was authorized to " add any further description of the tract, that there has been evidence to justify introduced before you, if you desire to make it more specific."

The Act of March 14, 1872, P. L. 25, was passed to relieve similar defects. When there is no room for doubt as to what was tried and found it is the duty of the court to allow the filing of an amended description if one be needed : Parks v. Boynton, 98 Pa. 370. The delivery of possession on an habere facias possessionem is done under the superintending power of the court, which will be promptly exercised in case the plaintiff takes what he has not recovered. It is impossible to describe a tract of land with so much certainty as to enable the sheriff to deliver it without some person on the ground to show him the boundaries alluded to in the writ : Fisher v. Larick, 7 S. & R. 97 ; Tryon v. Carlin, 5 Watts, 371 ; Hawn v. Norris, 4 Binn. 77 ; Lake Winola Assn. v. Mott, 1 Pa. Superior Ct. 304 ; Carroll v. Miner, 1 Pa. Superior Ct. 439.

The quantity of land for which ejectment is brought is not essential to the description if it can be otherwise sufficiently described : Griffeth v. Dobson, 3 P. & W. 228.

The description in the writ is not so manifestly indefinite as to justify the court in reversing the judgment for that reason.

6, (1899).]                    Opinion of the Court.

The assignments in which other errors are alleged are answered in Ewing v. Ewing, 96 Pa. 381, and in Campbell v. Braden, 9 W. N. C. 487.

The judgment is affirmed.