# Seaman *v.* Waltemire, Appellant.

*Ejectment—Description of premises—Sufficiency—Act of March 21, 1806, 4 Sm. L. 326.*

In an action of ejectment, a description of the premises that recites the name of the township and county, sets forth the acreage, establishes two boundaries by monuments of a permanent and public nature, and names the owner of the remaining adjoining lands, is sufficiently full and complete to comply with the requirements of the Act of March 21, 1806, 4 Sm. L. 326, section 12.

Argued April 13, 1922.    Appeal, No. 86, April T., 1922, by defendant, from judgment of C. P. Indiana County, June T., 1920, No. 395, on verdict for plaintiff, in the case of A. H. Seaman v. George M. Waltemire.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Ejectment for three acres of land in Cherryhill Township, Indiana County.    Before LANGHAM, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for the lands in dispute.    Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*W. M. Mahan,* and with him *S. J. Telford,* for appellant.—The verdict was too vague and indefinite to support a judgment: Hagey v. Detwiler, 35 Pa. 409; Nolan v. Sweeny, 80 Pa. 77.

*L. E. Miller,* for appellee.—The description is sufficiently clear to comply with the statutory requirement: Hawn v. Norris and Brown, 4 Binney 77; Clement & Masser v. Youngman & Walter, 40 Pa. 341; Harris v. P. & L. E. R. R. Co., 11 Pa. Superior Ct. 6.

OPINION BY KELLER, J., July 13, 1922:

But one question of fact was raised on the trial of this action of ejectment: Did George M. Waltemire, the defendant, at the time he accepted the deed from his mother, for five and one-fourth acres of land, know that she had, nearly four years previously, executed and delivered a deed to his brother, Torrence H. Waltemire, (under whom the plaintiff claims) for three acres thereof, the premises in suit, which deed was then unrecorded? This issue the jury decided adversely to the defendant.

The defendant, however, presented a point for binding instructions, based, apparently, on the ground that the description in Torrence H. Waltemire's deed, and in the writ—which followed the deed—was insufficient to support a verdict and judgment. This the court reserved, and subsequently dismissed a rule for judgment n. o. v. based thereon. The assignment of error related solely to this action of the court below.

The description in the writ was: "A tract of land situate in Cherryhill Township in the said County [of Indiana], containing three acres, or thereabouts, bounded on the east by the Cherry Tree and Dixonville Railroad Company right-of-way, adjoining Laurel Run and lands of Martha J. Waltemire and having thereon erected a frame dwelling house, a frame stable and outbuildings."

This description complied with the requirements of the Act of March 21, 1806, 4 Sm. L. 326, section 12, which provides that all writs of ejectment shall contain the name of the county, township, acreage and owners of lands which bound the premises or lands in dispute, or for which the action is brought.

It was as full and complete as the description in Hawn v. Norris, 4 Binney 77, where the writ described the premises as "a tract of land situate in Armagh Township in the said county, containing fourteen acres and sixty-three perches, or thereabouts, bounded by land of the said John Hawn," the defendant below, which was upheld by the Supreme Court, TILGHMAN, C. J., saying:

"The legislature have fixed the form, and said that no other shall be pursued......It is not for us to say that the form prescribed by the act is insufficient. Indeed the description contains as much certainty as the ancient form of ejectment, and in some respects more; for the old form did not require that the owners of the adjoining lands should be named. But it is enough for the plaintiffs below, that they have complied with the law."

In Clement & Masser v. Youngman & Walter, 40 Pa. 341, the action was to recover possession of a limestone quarry and tract of land in Union Township, containing about three acres. The Supreme Court said (STRONG, J.) : "We may say, however, that a verdict for a limestone quarry, two boundaries of which are described, appears to us to be sufficiently certain": p. 347.

In Penna. and N. Y. Canal & R. R. Co. v. Roberts, 8 W. N. C. 6, the Supreme Court said: "The description of the second premises in the writ was sufficiently certain by reference to the railroad track and berme bank of the old canal, two monuments of a permanent and public nature." (p. 8.)

In Harris v. Railway Co., 11 Pa. Superior Ct. 6, the description in the writ was "a tract of land in Rostraver Township in the said county, containing two acres or thereabouts; bounded by lands of D. Castner, Miller & Reeves, and the Monongahela River." It was held that this description was not so manifestly indefinite as to justify the court in reversing the judgment for that reason. After reviewing the decisions and distinguishing many of those relied upon by this appellant, Judge OR-LADY went on to say: "The delivery of possession on an habere facias possessionem is done under the superintending power of the court, which will be promptly exercised in case the plaintiff takes what he has not recovered. It is impossible to describe a tract of land with so much certainty as to enable the sheriff to deliver it without some person on the ground to show him the boundaries alluded to in the writ." (p. 12.) To the same

effect, see also O'Keson v. Silverthorn, 7 W. & S. 246, p. 248.

In Miller v. Casselberry, 47 Pa. 376, the court said: "They [the jury] found for the reservation as stipulated in [the agreement], and that reservation was one-third of the profits of the farm and grist mill (for which the ejectment was brought), together with the entire use and benefit of the brick house and storeroom thereon. Clearly the house and storeroom are capable of delivery, under a writ of habere facias possessionem, and a verdict for their use and benefit is a verdict for them. Thus far, there is no want of certainty; that they cannot be advantageously enjoyed without a curtilage, may be true, but the verdict is not the less certain on that account...... The verdict was, therefore, for the house and storeroom in severalty and for an undivided third of the remaining land. There is no difficulty in executing a judgment founded upon it." (p. 378.)   See also: Inman v. Kutz, 10 W. 90, 100; Tyson v. Passmore, 7 Pa. 273; Smith v. Brotherline, 62 Pa. 461, 468, 471; Emig v. Diehl, 76 Pa. 359.

In all of the cases relied upon by the appellant, except two, the verdict of the jury was for only a part of the land described in the writ and hence it was necessary that the portion awarded the plaintiff should be definitely set apart in the verdict from that not given him. Such were: Martin v. Martin, 17 S. & R. 431; Harrisburg v. Crangle, 3 W. & S. 460; O'Keson v. Silverthorn, 7 W. & S. 246; Hagey v. Detweiler, 35 Pa. 409; Nolan et al. v. Sweeney, 80 Pa. 77. Of the other two cases, Smith v. Jenks, 10 S. & R. 153, was an action for the recovery of eight acres and the verdict was for the third share of forty-one acres and thirty-two perches, not described or located, and was wholly incomprehensible; and the remaining case, Hunt v. McFarland, 38 Pa. 69,—as pointed out in Harris v. Railway Co., supra,—was only a dispute over the south boundary line of the plaintiff's land, and for that reason the finding of the jury was too vague to

sustain the judgment for it did not fix where that boundary line was located.    There was no such controversy here.    Two of the boundaries were "monuments of a permanent and public nature"; and there was no hint in the testimony that the third could not easily be established on the ground.    The dispute was not about the location of the west boundary line of the premises, but whether the defendant knew of the unrecorded deed to his brother when he received his own deed.    There was no want of certainty as to the buildings; they and the land had been in occupancy of Torrence Waltemire's tenant when defendant claimed ownership and demanded possession. The description in Torrence Waltemire's deed was as definite and certain as that in the defendant's, except that the latter referred to a wire fence erected on the western line, which it was said in Hagey v. Detweiler, supra, p. 414, "has no public character as a boundary."

Thousands of titles in this Commonwealth are held under deeds with no more certain or definite description than is contained in the deed and writ in this case.    We are not convinced that the verdict is so manifestly indefinite as to justify the court in reversing the judgment on that ground.

The judgment is affirmed.