## McFerren *v.* Deardorff, Appellant.

*License—Agreement to plant an orchard on the land of another—Assignment—Bankruptcy—Trespass—Statute of frauds.*

A parol agreement to plant, cultivate and care for an orchard on the land of another, and to divide the net proceeds of the orchard after the trees have come to a bearing age, is a mere license and does not pass under a sale of the licensee's property, in bankruptcy proceedings.

If the purchaser in such a case claims that the license is irrevocable, and asserts title by equitable estoppel, he must establish the parol agreement by full, complete satisfactory and indubitable evidence, inasmuch as such an equity is in derogation of the statute of frauds. The testimony of one witness is insufficient, and this is especially so where other evidence in the case show that the licensor had exercised ownership over the orchard, and had repeatedly declared that he could terminate the arrangement at any time.

Argued Oct. 24, 1918.   Appeal, No. 294, Oct. T., 1917, by defendant, from judgment of C. P. Franklin Co., Oct. T., 1916, No. 296, on verdict for plaintiff in case of William M. McFerren v. C. J. Deardorff.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass quare clausum fregit.   Before GILLAN, P. J.

At the trial the court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $174.76.   Defendant appealed.

*Error assigned,* amongst others, was in giving binding instructions for plaintiff.

*W. K. Sharpe,* of *Sharpe & Elder,* with him *William S. Hoerber,* for appellant.—A license may become irrevocable by equitable estoppel, where the license, relying upon the license, takes possession and makes valuable improvements, or otherwise expends money upon the faith of the license, and the parties cannot be placed in statu quo after the license has been executed: LeFevre v. LeFevre, 4 S. & R. 241; Ebner v. Stichter, 19 Pa. 19; Huff v. McCauley, 53 Pa. 206; Pierce v. Cleland, 133 Pa. 189; Baldwin v. Taylor, 166 Pa. 507; Rynd v. Rynd, Etc., Oil Co., 63 Pa. 397.

*O. C. Bowers,* for appellee.—A license is a mere personal privilege.   This plaintiff may very well have been

willing to give this privilege to his son-in-law and unwilling to give it to another.

There can be no title by estoppel where the contract to which the alleged estoppel is sought to be applied is within the statute of frauds and can pass no title: Washabough v. Entriken, 36 Pa. 513; Miranville v. Silverthorn, 48 Pa. 147.

OPINION BY HENDERSON, J., March 2, 1918:

This case was disposed of in the court below on the determination by the learned trial judge that the defense presented was not a valid answer to the plaintiff's action. It was sought to be shown that the defendant had a title to the fruit by virtue of a parol license given by the plaintiff to Joseph H. Ledy to whose right the defendant succeeded by virtue of a sale in bankruptcy of the estate of Ledy. The case was tried in accordance with the contention of the defendant that Ledy's interest was a license and it appearing from the evidence that Ledy died before the sale of his property the court held that such a right if it existed terminated at the death of the licensee. It is undisputed that the farm on which the fruit grew was the property of the plaintiff to whose only child Ledy was married. No contract in writing with reference to the planting of the orchard was shown to have existed but it was contended on behalf of the defendant that there was evidence from which the jury might have found that the orchard was planted by Ledy pursuant to a parol arrangement with his father-in-law to the effect that the trees were to be planted, cultivated and cared for by Ledy to the time when they came to a bearing age, after which time the net proceeds of the fruit were to be divided equally between Ledy and the plaintiff; out of which state of facts an irrevocable license existed with respect to the orchard, and that this could be set up as an equitable estoppel against the plaintiff. It has been held in many cases that a license is a personal privilege generally induced by confidence

in the character of the licensee.   An owner of land may be willing to accord a privilege with respect thereto to one person which he would deny to another.   Because of this such a license is not assignable.   A person granting it may not revoke it where it has taken effect but the person to whom it is given is not permitted to substitute another in his place.   The law was thus stated in Cowles v. Kidder, 24 N. H. 364: "It is well settled that a parol license to be exercised on the land of another is a mere personal trust and confidence and is not assignable." To the same effect are the following cases: DeHaro v. United States, 5 Wall. 599; Troy Iron & Nail Co. v. Corning et al., 14 Howard 215; Prince v. Case, 10 Conn. 375; Morrill v. Mackman, 24 Mich. 279; Mumford v. Whitney, 15 Wend. 380; Emerson v. Fisk, 6 Greenleaf 200.   The same proposition was expressly affirmed in Dark v. Johnston, 55 Pa. 164, where it was said "that a license is a personal privilege and not assignable is a well settled principle."   These cases and others which might be cited support the conclusion of the court below that the purchaser at the assignee's sale of the property of Ledy acquired no property in the orchard.   The cases on which the appellant relies to establish an equitable estoppel, Rerick v. Kern, 14 S. & R. 271; Swartz v. Swartz, 4 Pa. 353; Thompson v. McElarney, 82 Pa. 174, and others of like effect relate to water rights, ways, or other interests appurtenant to land owned by the licensee and the interest involved in each case was in substance, though not in legal form an easement.   Moreover, in none of them was the license asserted by one holding by assignment.   However irrevocable the privilege might be in favor of him to whom it was given it was not held in any of the cases cited that it inured to the benefit of one not in contemplation of the licensor.   In the case at bar Ledy had no estate in the land.   The privilege was not appurtenant to any land belonging to him.   His interest related solely to land owned by his father-in-law. It may well have been that the latter would give to a

member of his family the privilege of using a part of his land for the development of an orchard the life of which would probably outlast both of them when he would refuse to so encumber his estate in favor of a stranger.

If it be conceded that the license set up is irrevocable and may be transferred another obstacle in the appellant's way confronts him.  The appellant's defense is in its effect a bill in equity to restrain the plaintiff from interfering with a license alleged to have been given by the plaintiff to Ledy.  The claim is an equitable one resting solely on the ground of an estoppel.  The defendant claims the right to occupy the land of the plaintiff and to maintain an orchard thereon without any sort of title.  He must depend solely on an estoppel. This equity is in derogation of the statute of frauds and parol proof to support it must be full, complete, satisfactory and indubitable.  The record title of the plaintiff is not to be set aside by unwarranted inferences or forced conclusion.  It will be seen by reference to the evidence that the agreement which is said to have created the license is testified to by a single witness.  No land is designated by boundaries, no definite period is fixed when the license is to take effect or to terminate.  The agreement is said to have been made in 1895 or 1896 and a field containing about ten acres was planted the following spring.  It was two years later when the principal part of the orchard was planted in another field.  What had taken place in the intervening two years is not disclosed.  It is wholly a matter of inference that the last planting was in execution of the agreement to which Mrs. McFerren testifies.  There is evidence which may be considered corroboration that Ledy planted the trees and cared for them up to about the time he made his assignment but there is evidence also that the plaintiff used the land to some extent; that he took fruit from the orchard and in other ways exercised his ownership.  There is the uncontradicted evidence of Ledy's son and his daughter of the repeated declarations of their father

that the plaintiff had control of the orchards and could terminate the arrangement between their father and him at any time; that if he, the plaintiff, "would say 'no' we would not be allowed to put a foot over his line"; that he (the plaintiff) could take it away and put it back in his farm; that he would be absolutely privileged to do that. These declarations are wholly inconsistent with the claim now set up and leave the arrangement between the plaintiff and Ledy with respect to the orchards in so much doubt that the case lacks the certainty of proof required. The evidence is not of that clear and indubitable character which would enable a chancellor without hesitation to decree the performance of a contract: Baldwin v. Taylor et al., 166 Pa. 507. For the reasons given we regard the judgment of the court as correct.

It is therefore affirmed.