## Mease v. Dinius & Bingaman, Appellants.

Argued March 11, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*J. P. Carpenter,* and with him *J. G. Weiser,* for appellant.

*A. Francis Gilbert,* for appellee.

Opinion by Keller, J., April 18, 1930:

This action was founded on the allegation that the defendants had unlawfully cut down some arbor vitae trees which had been planted at the joint expense of plaintiff and the defendant Dinius on the dividing line between their properties; and damages were claimed for the diminution in market value of the plaintiff's property caused by such illegal and permanent injury to his real estate. Bingaman was only an employe of the other, and real, defendant.

The evidence on the trial failed to support the action declared on. The most that plaintiff would swear to was that it had been agreed between the parties that the tree plants should be placed on the boundary line; he did not know whether this had been done. The

defendant testified that they were planted wholly on his land, and the uncontradicted evidence of the surveyor sustained his contention.

The court below was of opinion that it made no difference on whose land the trees were planted and so instructed the jury. We cannot agree with this conclusion. If the parties had agreed that the young trees or slips were to be planted on the boundary line, and defendant, in violation of this agreement, had placed them wholly on his own land, the plaintiff would have had an immediate cause of action, but it would not have been trespass in the nature of trespass quare clausum fregit, and the damages would not have been measured on the basis of a permanent injury to plaintiff's land but by his interest in the value of the trees. In such case plaintiff would have been injured by the defendant's breach of his agreement, not by his subsequent cutting down of the trees. The plaintiff acquired no title to defendant's soil by reason of the defendant's planting the trees on his own land, even though both contributed equally to their cost. The doctrine of estoppel cannot be applied so as to pass title to lands: Washabaugh v. Entriken, 36 Pa. 513; Miranville v. Silverthorn, 48 Pa. 147. On the other hand, if the parties had agreed to plant the trees on defendant's land, the plaintiff's interest in them would have been by way of a license, (McFerren v. Deardorff, 69 Pa. Superior Ct. 154) and would not support the claim of the plaintiff in this action; and no evidence of damage other than diminution in value of plaintiff's real estate was given.

We are of opinion that as the case was presented and tried the court below should have affirmed defendant's fifth point, requesting binding instructions in his favor.

The first assignment of error, modified so as to be limited to that point, (See Superior Court Rule 22), is sustained and the judgment is reversed.